ÆTNA LIFE INSURANCE COMPANY v. ADA LILES ET AL.

No. 7064.   Decided March 23, 1938.
Rehearing overruled April 27, 1938.
(114 S. W., 2d Series, 534.)

*Wren, Pearson & Jeffrey,* of Fort Worth, for plaintiffs in error.

This being a suit under the Workmen's Compensation Law to set aside an award of the Industrial Accident Board, the cross action of defendants alleging the sole injury to be a strain upon and strangulation of a pre-existing hernia, necessitating operation and resulting in death, states no cause of action. Imperial Irr. Co. v. Jayne, 104 Texas 395, 138 S. W. 575; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680; Gilmore v. Waples, 108 Texas 167, 188 S. W. 1037; Texas Bank & Tr. Co. v. Austin, 115 Texas 201, 280 S. W. 161.

*Houston & Johnson,* of Dallas, for defendants in error.

Compensation laws are to be liberally construed and applied and, as far as compensation goes, industry must take a workman the way it finds him, and that if disability or death results from the effect of an injury suffered in the course of employment on a pre-existing infirmity, the case is compensable. Security Mutual Casualty Co. v. Bolton, 84 S. W. (2d) 552; Hurd v. Republic Underwriters, 105 S. W. (2d) 428; Furferi v. Pennsylvania Railroad, 117 N. J. L. 508, 189 Atl. 126.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Industrial Accident Board allowed the claim of the defendant in error, Mrs. Ada Liles, and her minor daughter, for compensation under the Workmen's Compensation Law for the death of H. A. Liles. The plaintiff in error, the Ætna Life Insurance Company, was the insurer and the Whaley Mill & Elevator Company was the employer. The Insurance Company in due time brought suit to set aside the award made by the Industrial Accident Board. The defendants in error duly answered in the suit setting up a cross action. The trial court sustained a general demurrer to the averments of the answer and entered judgment in favor of the Insurance Company. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 89 S. W. (2d) 1057.

The only question in the case is whether or not the averments of the answer of defendants in error show a cause of action for compensation on account of the injury and resulting death of H. A. Liles. The paragraph of the answer upon which the controversy arises reads as follows:

"That for a long time prior to the 14th day of June, 1933,

the said H. A. Liles had had a hernia, commonly called rupture, which was not the result of any compensable injury but was a condition that he was afflicted with, and notwithstanding which he continued to work, during the time that he was employed by the said Whaley Mill & Elevator Company as superintendent of its mill at Gainesville; that the said hernia consisted of, as is usual in such cases, an enlargement, stretching or torn condition of the inguinal canal, and the rings thereof, forming the connecting passage between the lower abdomen and the scrotum; that on or about the aforementioned date, to-wit, June 14th, 1933, the said H. A. Liles, while in the performance of his usual duties as superintendent of the mill, had occasion to do some lifting of sacks of material and that in the strain and effort of doing such lifting some of the contents of his lower abdomen, to-wit: some part of the intestine was forced through the inguinal opening and into the scrotum; that the amount of the intestine and the pressure with which it was forced through the opening by the muscular strain and the natural contraction thereafter set up in the inguinal region produced a condition sometimes referred to as a strangulation, that is to say, the intestine was pinched and would not pass back into the abdomen, where it normally belonged without an operation; that the immediate effects of such protrusion of the intestine to the scrotum and the strangulation thereof were a profound shock and intense pain; that this occurrence took place near the regular hour of leaving employment for the day and the said H. A. Liles was immediately taken home by his daughter in an automobile and a physician was called to attend him; that the strangulated condition could not be relieved without an operation and an operation was performed within a few hours under a general anesthetic; that the irritating effect of the anesthetic in the respiratory tracts and in the lungs precipitated a condition of pneumonia, which, coupled with the effects of the strangulation or of itself alone resulted in the death of the said H. A. Liles; that the operation and the administration of the anesthetic were necessary in an effort to save the life of the said H. A. Liles and the death of the said H. A. Liles followed as a natural result, under the circumstances herein alleged, of the damage or harm to the physical structure of his body originating as alleged, in his employment."

The Insurance Company contends, in effect, that the averments in the answer show no injury suffered by Liles save an aggravation or enlargement of a pre-existing hernia, and therefore the compensation claimed is precluded by the provisions

of section b of Article 8306 of the Workmen's Compensation Law, which section reads as follows:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain.

"In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation. In case the injured employee refuses to submit to operation, the board shall immediately order a medical examination of such employee by a physician or physicians of its own selection at a time and place to be by them named, at which examination the employee and the association, or either of them, shall have the right to have his or their physician present. The physician or physicians so selected shall make to the board a written report, signed and sworn to, setting forth the facts developed at such examination and giving his or their opinion as to the advisability or non-advisability of an operation. If it be shown to the board by such examination and such report thereof and the expert opinions thereon that the employee has any chronic disease or is otherwise in such physical condition as to render it more than ordinarily unsafe to submit to such operation he shall, if unwilling to submit to the operation, be entitled to compensation for incapacity under the general provisions of this law. If the examination and the written report thereof and the expert opinions thereon then on file before the board do not show to the board the existence of disease or other physical condition rendering the operation more than ordinarily unsafe and the board shall unanimously so find and so reduce its findings to writing and file the same in the case and furnish the employee and the association with a copy of its findings, then if the employee with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, which time shall be fixed in the findings of the board, to such operation, he shall be entitled to compensation for incapacity under the general provisions of this law for a period not exceeding one year.

"If the employee submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation. If such operation is not successful and does not result in death, he shall be paid compensation under the general provisions of this law the same as if such operation had not been had; other than in determining the compensation to be paid to the employee, the board may take into consideration any minor benefits that accrued to the employee by reason thereof or any aggravation or increased injury which accrued to him by reason thereof.

"If the hernia results in death within one year after it is sustained or the operation results in death, such death shall be held a result of the injury, causing such hernia and compensated accordingly under this law. This paragraph shall not apply where the employee has wilfully refused to submit to an operation which has been found by the examination here provided for not to be more than ordinarily unsafe."

The precise question which we are called on to decide is, whether or not, where an employee has a hernia which did not originate in the course of his employment, the strangulation of intestines involved in the hernia is governed by the provisions of the statute set out above? There is no decision in this State which decides this precise question. Decisions in other jurisdictions are not greatly helpful on account of variations in the language of the statutes involved in those decisions. The solution of the question depends therefore on a proper construction of the provisions of our own statute which has been quoted.

It is to be observed that this statute, in specific terms, relates to "claims for hernia *resulting from injury sustained in the course of employment.*" In section 5 of Article 8309, it is provided that the term "injury" shall be construed to mean "damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom." It is further provided in the same section, subject to certain exceptions which are specified and which have no bearing on this case, that the term "injury in the course of employment" shall include all "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether on the employer's premises or elsewhere." According to the pleading in question, the "injury" sustained by Liles in the course of his

employment is, in the final analysis, the strangulation of part of his intestines. This condition of strangulation, it appears from the averments, directly resulted from the strain of lifting the sacks of material. Such condition and the ensuing consequences fall clearly within the statutory definition of "injury." The pre-existing hernia, it appears, was incidentally involved in the occurrence of such injury but did not itself constitute the injury sustained by Liles on the occasion in question, or result from an injury sustained by him on that occasion. Subdivisions 1, 2 and 3 of section 12b of Article 8306 leave no room to doubt that the subject for compensation with which the statute deals is hernia which results from an injury received in the course of employment or which constitutes such an injury. No other injury falls within the purview of this statute. Nothing appears in the statute upon which to found a reasonable conclusion that the Legislature intended to impose any limitation in respect of any injury where no hernia is involved except a pre-existing hernia which merely furnishes the condition in which the force which causes the injury operates. This statute has no application to such a case.

The trial court erred in sustaining the general demurrer to the answer of the defendants in error. The judgment of the Court of Civil Appeals, reversing the trial court's judgment and remanding the cause, is affirmed.

Opinion adopted by the Supreme Court March 23, 1938.

Rehearing overruled April 27, 1938.