## WINN v. ROYAL INDEMNITY CO.
### No. 2419.

Court of Civil Appeals of Texas. Waco.
July 2, 1942.

Rehearing Denied July 23, 1942.

Carter & Garonzik, of Dallas, for appellant.

Thompson, Knight, Harris, Wright & Weisberg and Adair Rembert, all of Dallas, for appellee.

RICE, Chief Justice.

Appellant, Ralph Winn, as plaintiff, brought this suit in the District Court of Ellis County, Texas, against Royal Indemnity Company, appellee, as defendant, appealing from a final ruling of the Industrial Accident Board of the State of Texas denying plaintiff any compensation, wherein plaintiff sought recovery of compensation for seventy-five per cent partial permanent general disability (as distinguished from a specific injury) resulting from an accidental personal injury sustained by plaintiff in the course of his employment by R. E. Ogborn, who carried compensation insurance with the defendant. Plaintiff alleged that for some months prior to sustaining the injuries complained of, he had a small hernia, commonly called rupture, which was not the result of any compensable injury, and notwithstanding which he continued to work during the time he was employed by Ogborn; that said hernia consisted of a slight enlargement or stretching of the left inguinal ring so that a small knot or kernel about the size of the end of a man's thumb had appeared at such inguinal ring. That his intestine had not protruded beyond such ring into his scrotum, but was still contained in his abdominal cavity, although causing a bulging at the inguinal ring. That this condition had not disabled or handicapped him, and that prior to receiving the injury complained of he was strong and ablebodied, and regularly employed to do hard labor. He further alleged that while in this condition, and at a time when he was striving to push a heavy roller out of the mud, great pressure was placed upon his inguinal ring so that it was torn, enlarged and damaged in such a manner that some of his intestine was forced through the inguinal opening and into the scrotum; that the amount of the intestine and the pressure with which it was forced through

the opening caused a tearing and stretching of his inguinal ring, and he is unable, even with medical assistance, to force such intestine back into the abdominal cavity so that it will remain in its normal place. That the immediate effect of such injury was that it caused profound shock and intense pain; that such injuries consisted of damage or harm to the physical structure of his body, originating, as alleged, in his employment; that he no longer has any strength or support in the lower part of his abdominal cavity, and now suffers extreme pain; that the pain, suffering and weakened condition are permanent; that such injuries have weakened plaintiff's general physical and nervous system; that his condition has become run down, peculiarly susceptible to diseases, he is highly nervous and irritable, is able to perform only light work and has become seventy-five per cent partially disabled, which condition is permanent. He sought recovery at the rate of $7.20 per week for seventy-five per cent permanent partial incapacity for a total period of 300 weeks.

By general demurrer, special exceptions, motions for instructed verdict, and objections to the special issues submitted to the jury, all of which were timely presented and by the court overruled, defendant contended that neither his pleadings nor his proof entitled plaintiff to a recovery because it was thereby affirmatively shown that plaintiff's hernia did not appear suddenly but that it existed prior to the injury complained of. In response to the issues submitted, the jury found, in effect, that on or about September 20, 1940, plaintiff sustained an accidental injury, in the course of his employment, whereby part of his intestines were forced through the inguinal opening into his scrotum, while plaintiff was pushing a roller, and as a natural result of such injury plaintiff suffered seventy-five per cent partial incapacity, which commenced on September 20, 1940, and is permanent and not temporary; that $16 would be fair and just to both parties to be used as the average weekly wage of plaintiff.

Plaintiff filed and presented a motion for judgment on the verdict of the jury, which was by the court overruled, and timely exception reserved. Defendant filed its motion for judgment notwithstanding the verdict on the ground that under Section 12b of Article 8306, in all claims for hernia it must be shown that the hernia appeared suddenly and immediately following the injury, and that the hernia did not exist in any degree prior to the injury for which compensation is claimed, as to which plaintiff failed to make proof. The court granted defendant's motion, and rendered judgment that plaintiff take nothing and that defendant recover its costs. From this judgment plaintif' has appealed.

Plaintiff testified that until his injury on September 20, 1940, he had been doing hard manual labor; that for about five months prior to said date he had a little knot in his left groin which was about as big around as the end of a man's thumb, and which stuck out about a quarter of an inch; that he did not know what caused it; that it did not get larger until after he had shoved on the roller; that on the morning of September 20, 1940, while endeavoring to push a roller out of the mud he felt a sensation in his left groin as though something had torn loose; that he felt a sharp pain which continued, and he got sick in his stomach; that he quit work, went home and stayed in bed until the next morning, when he tried to resume work; that the pain in his left groin made him sick at the stomach and he had to quit in about an hour. He then went back to town and informed his employer that he had gotten hurt on the job the day before, and wanted to go to a doctor. That ever since his injury he has suffered pain in his left groin, and has had a protrusion which comes down into his scrotum between one-half and two-thirds of the way; that he just discovered the protrusion the afternoon of the day he got hurt, and that it has increased in size a little since that day; that other than the little knot or kernel above described, he had never had a protrusion, nor had he any pain or suffering in that region, prior to the time he got hurt pushing the roller; that he had tried to wear a truss but it hurt him and he laid it up; that the truss would not hold it up.

Plaintiff placed upon the witness stand the doctor to whom he went for examination on September 25, 1940. This witness testified that when plaintiff came to him he made an examination, and found that he had on the left side a complete indirect inguinal hernia about the size of a man's fist, which protruded down into the scrotum. The inguinal ring, which normally is the size of a pencil, was about the size of a half dollar. The left groin and

the ring were sensitive and sore, and in his opinion plaintiff had suffered an injury to the ring and groin of recent origin, caused, in witness' opinion, by trauma. The inguinal ring had been torn and stretched, and in witness' opinion, plaintiff then was totally disabled from doing manual labor, and that such disability was permanent. He further testified that plaintiff had no strangulation; and, in answer to a hypothetical question, stated it to be his opinion that the tearing and stretching of the ring which permitted the intestine to drop into the scrotum was sustained by plaintiff while he was pushing the roller; and that there was probably a small hernia there prior to September 20, 1940. He further testified on cross-examination that if plaintiff had a knot as big as his thumb, that he could see and feel, he had a small hernia; and, if this hernia was there before the plaintiff pushed the roller and then the hernia got as big as his fist after pushing, then the hernia just got bigger; that the knot outside on plaintiff as big as a thumb was not a normal condition; that he would not say in all hernias the ring is stretched; that he would not think that plaintiff had a normal inguinal ring with the condition he had before the pushing.

Another doctor who had first examined plaintiff about a week prior to the trial testified for plaintiff that the latter had a large indirect inguinal hernia, extending down into the scrotum; that he found the groin to be very sensitive and sore, with the opening in the ring about the size of a half dollar; that in his opinion the ring had been torn and stretched; that it was painful and calculated to cause pain; that due to this condition plaintiff was totally and permanently disabled from doing any manual work; that there was no strangulation. In answer to a hypothetical question, this witness expressed the opinion that plaintiff, while pushing a roller, sustained a tearing and stretching of the left inguinal ring, which permitted the intestines to drop into the scrotum; that prior to the happening there was probably a small hernia. He explained that an indirect inguinal hernia was one that comes down through the natural channel, and a direct inguinal hernia was one that goes through the abdominal wall; that with an indirect hernia there could be a tearing through the ring, it would stretch until it would tear. A doctor introduced by defendant testified that he examined plaintiff on September 21, 1940, and found him to be suffering from an indirect inguinal hernia extending down half way into the scrotum, which seemed to witness of longer duration than just one day. That there was no strangulation. That people with hernia generally have nervousness as part of the symptoms. That it is dangerous and inadvisable for a man suffering from a hernia to work.

It is plaintiff's contention that he had fashioned his cause of action on a general injury resulting in partial incapacity; that he was not seeking to recover for the specific injury of hernia under 12b of Article 8306, but, on the contrary, was seeking to recover for partial disability from the injury which incapacitated him under the general provisions of the Workmen's Compensation Act pertaining to compensation for disabilities other than a specific injury.

It is plaintiff's position that the court erred in not granting his motion for judgment upon the verdict of the jury, and in granting defendant's motion for judgment non obstante veredicto; and that because of these errors the judgment of the trial court should be reversed, and judgment be here rendered for plaintiff.

After a careful review of the record, we are of the opinion that plaintiff's contention cannot be sustained.

For the purpose of this discussion, it may be conceded, without so deciding, that plaintiff pleaded facts which, if substantiated by evidence, would have entitled him to recover compensation as for a general injury under the provisions of the Workmen's Compensation Act.

When the injury is a hernia, producing those physical conditions which are the common and recognized results accompanying and following a hernia, the test of its compensability and the amount thereof is ruled by Section 12b of Article 8306, Revised Civil Statutes. Texas Employers Ins. Ass'n v. Lemons, Tex.Civ.App., 33 S.W.2d 251, writ refused; National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089; Travelers Ins. Co. v. Mote, Tex.Civ.App., 116 S.W.2d 427.

On the other hand, if the plaintiff's injury is an enlargement of a preexisting hernia, which specific injury has involved other portions of his body to such an extent as to cause an injury additional

to the hernia, then he would be entitled to recover the compensation allowed for a general injury. Ætna Life Ins. Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821; Texas Employers Ins. Ass'n v. Lemons, supra; Ætna Life Ins. Co. v. Liles, 131 Tex. 383, 114 S.W.2d 534.

In our opinion, the evidence above set out, viewed most favorably from plaintiff's standpoint, does not bring plaintiff within the terms of the foregoing rule of law. We are forced to the conclusion that this record is devoid of any evidence tending to establish that plaintiff's hernia involved other portions of his body to such an extent as to cause an additional injury to that of hernia. On the contrary, we are of the opinion that the record before us conclusively reveals that plaintiff suffers solely from a physical condition which is the common and recognized result of hernia. This being true, and plaintiff having pleaded and proved that his hernia existed prior to and at the time he alleged he was injured, he is precluded from any recovery by reason of the terms of Section 12b of Article 8306.

The judgment of the trial court denying plaintiff any recovery is therefore affirmed.