Leroy WHITE, Appellant,

v.

TRAVELERS INSURANCE COMPANY, Appellee.

No. 13692.

Court of Civil Appeals of Texas.

Houston.

April 20, 1961.

Rehearing Denied May 11, 1961.

Brown, Bates, Brock & Morgan, David J. Nagle, Warner Brock, Houston, for appellant.

Tom Rush Moody, Jr., Finis Cowan, Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a workmen's compensation case. Plaintiff in the trial court, Leroy White, sued The Travelers Insurance Company for total and permanent disability which he alleged resulted from an injury to his groin. The trial court disregarded certain findings of the jury and rendered judgment that appellant take nothing. This appeal results. The case was submitted to the jury on special issues, the pertinent ones of which follow:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that Leroy White sustained a personal injury to his body on the 18th day of September, 1958?"

to which the jury answered, "We do."

"Special Issue No. 2

"Do you find from a preponderance of the evidence that such injury, if any, was an accidental injury?"

to which the jury responded, "We do."

"Special Issue No. 3

"Do you find from a preponderance of the evidence that such injury, if any, was sustained by Leroy White while acting in the course of his employment, as that term is herein defined for you, with M. W. Kellogg Company?"

to which the jury responded, "We do."

"Special Issue No. 5

"Do you find from a preponderance of the evidence that such injury, if any, was to Leroy White's groin?"

to which the jury responded, "We do."

"Special Issue No. 7

"Do you find from a preponderance of the evidence that Leroy White's groin injury, if any, on September 18, 1958, was a producing cause of any incapacity to him?"

to which the jury responded, "We do."

"Special Issue No. 13

"Do you find from a preponderance of the evidence that Leroy White has sustained or will sustain any partial incapacity as a natural result of the injury, if any, sustained by him on September 18, 1958?"

to which the jury responded, "We do."

"Special Issue No. 14

"Do you find from a preponderance of the evidence that said partial incapacity, if any, is permanent, or was, or will be temporary?"

to which the jury responded, "It was temporary."

"Special Issue No. 15

"On what date, if any, do you find from a preponderance of the evidence that such partial incapacity, if any, began or will begin?"

to which the jury responded, "1958, September 22."

"Special Issue No. 16

"For what period of time, if any, do you find from a preponderance of the evidence that said partial incapacity, if any, has continued or will continue after the beginning thereof?"

to which the jury responded, "(26) Twenty-six weeks."

"Special Issue No. 17

"From a preponderance of the evidence what do you find to be Leroy White's average weekly wage earning capacity, if any, during the existence of such partial incapacity, if any?"

to which the jury responded, "Forty (40) dollars."

"Special Issue No. 18

"What do you find from a preponderance of the evidence to be the percentage of such partial incapacity, if any, which was or will be caused solely by the injury to Leroy White's groin, if any, during the time of such partial incapacity, if any?"

to which the jury responded, "100 percent."

"Special Issue No. 19

"Do you find from a preponderance of the evidence that such injury, if any, resulted in hernia?"

to which the jury responded, "We do."

"Special Issue No. 20

"What do you find from a preponderance of the evidence to be the amount of money, if any, which would be just and fair to plaintiff and defendant to be fixed as the average weekly wage of the plaintiff?"

to which the jury responded, "Sixty-five (65) dollars."

Neither party objected to the charge of the court and no points of error referable to the court's charge have been brought forward in the briefs of the parties.

The parties entered into the following stipulation:

"Come now the parties to the above styled and numbered cause and stipulate the following regarding the alleged injury to the plaintiff, Leroy White's left inguinal area, or groin area, of September 18, 1958; plaintiff admits that said injury does not come within the four precedent requirements of Section 12B of the Texas Workmen's Compensation Statute in that the protrusion, required by one of the subsections of that section, did not appear suddenly and immediately following the injury."

The judgment rendered by the trial court reads in part as follows:

"Whereupon, the Court having considered the verdict of the jury and being of the opinion that the plaintiff's only injury is a hernia which did not appear suddenly and immediately following plaintiff's injury (so that such hernia is not compensable under the law) and being further of the opinion and here and now finding that under the pleadings, the evidence and the verdict of the jury, judgment should be rendered herein against the plaintiff, Leroy White, and having considered defendant's motion for judgment and granting same after hearing, it is, accordingly:

"Ordered, adjudged and decreed that the plaintiff, Leroy White, take nothing by his said suit against the defendant, The Travelers Insurance Company,

and that as to all claims or causes of action asserted against it, the defendant shall go hence without day."

In his claim before the Industrial Accident Board plaintiff alleged that he received an injury to his back and other injuries. In the petition filed in this case, plaintiff alleged an injury to his back and also injury consisting of the stretching, weakening and tearing of the flesh, muscles and ligaments of the groin. Plaintiff's suit is based on a general injury and he nowhere contends that he is entitled to be compensated under the provisions of Sec. 12b, Article 8306, V.A.T.S.

Plaintiff testified that after the accident he hurt all over; that he could hardly get around; that the pain in his side right after the accident was burning and stinging like a muscle was pulled or something; that the burning or stinging got worse during the next eight days, but that he did not notice any protrusion or bulging out before the 28th of September, the day he was discharged.

Dr. B. D. Thompson testified that on October 7, 1958, when he first saw plaintiff, plaintiff had a complete hernia, i. e., a protrusion. He further testified that the protrusion resulted from torn muscles and fascia tissue, causing a rent in the abdominal wall; that the hernia was disabling and had been the cause of the plaintiff's disability since he first saw him on October 7. Dr. Thompson further testified that based on the history which plaintiff gave him it was his opinion that he had sustained an injury which resulted in the hernia, which he agreed, in this case, was the protrusion of some of the substance in the abdominal cavity, the omentum, through an accidental or a natural opening in the wall of the cavity of the abdomen.

Dr. Edward T. Smith, a witness for the defendant, testified that when he examined the plaintiff on November 1, 1958, he found in the left inguinal area an old hernial scar and in the middle of this scar some bulging which would indicate that a hernia was coming through that region. He testified that the structures in that area were thinned out, absent, or torn, so that the part of the abdominal content could come up through that opening; that when a hernia heals it may have a weak place which might be caused to rupture by manual labor and lifting.

Plaintiff's first nine points of error relate to his position that "an injury to the groin and left abdomen, which causes incapacity, is compensable as a general injury, when such injury is not compensable as a hernia under the provisions of Sec. 12b of Article 8306," reading, in so far as pertinent, as follows:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

It was stipulated that plaintiff did not receive a compensable hernia under the provisions of the statute quoted and the evidence shows that the hernia was first noticed eight days after the accident. Plaintiff stresses the fact that he has made no claim for hernia either before the Board or in his pleadings in this suit, and that, therefore, by its very wording the special hernia statute is not applicable, and that on the jury's verdict he would be entitled to a judgment. The court recited in his judgment his independent finding that the only injury suffered by plaintiff was a hernia which was not compensable under the statute. The jury found that the injury suffered by plaintiff resulted in a hernia,

and that 100% of his disability was caused by his groin injury, thereby finding that none of the disability suffered by plaintiff resulted from his claimed back injury.

■■ It is a matter of common knowledge that lawyers and judges generally, as well as the Industrial Accident Board, have been of the opinion that all groin injuries resulting in a hernia are compensable only under the provisions of Sec. 12b of Article 8306. This is thought to be the legislative purpose in enacting that section.

"The legislative purpose in enacting such provisions is to protect employers from claims for hernia not actually caused by the accident, and to restrict compensation for hernia or rupture to those cases where there is a relative and reasonably close coincidence between the accidental injury and the hernia or rupture, and where it is clear that no other agency intervened, as to time, place, or action, to cause the injury; * * *". 99 C.J.S. Workmen's Compensation § 185, p. 629.

It is unreasonable to suppose that the legislature intended to require those who received injuries compensable as hernias under Sec. 12b to submit to an operation or else to have the amount of compensation payable to them drastically reduced, and that those who received injuries resulting in hernia not compensable under Sec. 12b would not be required to undergo an operation and would be allowed compensation for the hernia under the more liberal provisions of the statute governing general injuries. In this case, while plaintiff did not sue for compensation under Sec. 12b, as a practical matter he is seeking to be compensated for disability resulting from hernia.

In Jasper v. Liberty Mutual Ins. Co., Tex. Civ.App., 119 S.W.2d 386, 387, error ref., the insurance company appealed to the District Court from an award of the Industrial Accident Board, and the injured man cross-acted for hospital and medical expense provided for by statute in case of a successful operation for hernia and 26 weeks compensation, and in the alternative for 30 weeks compensation under the general injury provisions of the statute. The case was submitted to the jury, which answered the issues favorably for a recovery for the employee except that the jury failed to find that the hernia occurred suddenly and immediately following the injury. The trial court rendered judgment for the defendant and the plaintiff appealed, contending that under the jury's verdict he was entitled to compensation under the general injury provisions of the statute for six weeks. The court held:

"His whole case was predicated upon the theory that his injury produced a hernia. Such were the pleadings, and the evidence was introduced upon the same theory. This contention is not sound. Appellant has not made a case in which the result of the hernia has produced a physical condition different from that which is the common and recognized result accompanying and following a hernia. Therefore, his injury was specific and his rights are controlled by the statutory provisions respecting the specific injury of hernia. Vernon's Ann.Civ.St. art. 8306, subd. 12b. Texas Employers' Ins. Ass'n v. Lemons, Tex.Civ.App., 33 S.W.2d 251, writ refused; Ellis v. United States Fidelity & Guaranty Co., Tex.Civ.App., 6 S.W.2d 811. The finding, made upon sufficient evidence, that the hernia did not appear suddenly and immediately following the injury destroyed appellant's cause of action. 'It was as essential that the hernia appear "suddenly and immediately following the injury" as that it occur in the course of his employment, or that it did not exist in any degree prior to the injury, or that the injury was accompanied by pain.' Travelers' Ins. Co. v. Washington, Tex.Civ.App., 5 S.W.2d 783, 784, writ refused."

In the case of Winn v. Royal Indemnity Co., Tex.Civ.App., 163 S.W.2d 872, error ref., the plaintiff sought recovery of 75% partial, permanent general disability. The court held that since he had pleaded and proved that he had a hernia prior to and at the time of the injury complained of, which caused an enlargement of the existing hernia, he was precluded from any recovery by reason of the terms of Sec. 12b of Article 8306. The court recognized, however, that if the injury had involved other portions of the body to such an extent as to cause an injury additional to the hernia, he would have been entitled to recover for a general injury. From the opinion of the court, it appears that the injury issue submitted to the jury inquired whether or not plaintiff sustained an accidental injury in the course of his employment, whereby part of his intestines were forced through the inguinal opening into his scrotum. An affirmative answer to such an issue means that plaintiff's injury was a hernia. There would be no implied finding that the inguinal opening was torn or injured in any manner, or that plaintiff received any injury to his body other than the hernia.

In Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, 139, the court held that an incomplete hernia, i. e., a potential hernia, one where there was no protrusion, is not a hernia in any degree. The Court stated:

"The evidence does disclose, without dispute, that he suffered an injury upon that date, which may have been a hernia, but which also may have been but a perforation or an enlargement of the rings. It does not establish that a protrusion followed. If it did not, then he suffered no hernia in any degree at that time. If there was no protrusion in any degree, there was no hernia in any degree. Any other holding would run counter to the spirit and purposes of the compensation law. It would deny petitioner compensation under the hernia statute on account of his injury of August 30, 1942, because no hernia *appeared* suddenly and then change to the other edge of the sword and cut off his right to compensation for the injury of March 29, 1943, because the hernia which appeared at that time existed in some degree prior thereto. The effect of such holdings would be that, if a hernia should result from two separate injuries on consecutive days, the first of such injuries would be classed as a general injury, Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291 (error dismissed, correct judgment), and his claim for hernia following the second injury would be denied. We cannot ascribe to the Legislature an intent to enact statutes that would produce that result."

In the case of Royal Indemnity Co. v. Jones, Tex.Civ.App., 201 S.W.2d 129, 132, error ref., n. r. e., the court, in a case brought under the Workmen's Compensation statute for a general injury wherein the plaintiff alleged an injury to his back as well as a hernia, held that the back injury did not come under Sec. 12b of Article 8306, since the rupture of an intervertebral disk, although sometimes referred to as a hernia nucleus pulposus, is not a hernia within the meaning of that term as used in Article 8306, Sec. 12b. The court also held that the trial court properly refused to instruct the jury that in considering the question of appellee's general incapacity the jury should not take into consideration any testimony relating to hernia. "Evidence that one of the results, among others, of Jones' lifting or pushing upon the ammonia coils was a complete or incomplete inguinal hernia has a bearing upon the issue of disability and the extent thereof" citing Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Texas Employers' Insurance Ass'n v. Shackelford, Tex.Civ.App., 158 S.W.2d 572, reversed upon other grounds 139 Tex. 653, 164 S.W.2d 657.

In Aetna Life Ins. Co. v. Liles, Tex. Com.App., Sec. A, opinion adopted by the Supreme Court, 131 Tex. 383, 114 S.W.2d 534, 536, the insurance company filed suit to set aside an award of the Industrial Accident Board, and the wife and daughter of H. A. Liles cross-acted. The cross-plaintiffs pled that Liles had previously sustained a rupture but that he was able to work and during the course of his work sustained an accidental injury which resulted in the condition known as strangulation. This strangulation resulted in his death and suit was brought by his heirs for death benefits under the general provisions of the Workmen's Compensation Act. The trial court sustained a general demurrer to the defendants' answer and rendered judgment in favor of the insurance company. On appeal the Court of Civil Appeals reversed and remanded and their decision was affirmed by the Commission of Appeals, which said in the course of its opinion:

"It is to be observed that this statute, in specific terms, relates to 'claims for hernia resulting from injury sustained in the course of employment.' In section 1 of article 8309 it is provided that the term 'injury' shall be construed to mean 'damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom.' It is further provided in the same section, second subdivision 4, subject to certain exceptions which are specified and which have no bearing on this case, that the term 'injury sustained in the course of employment' shall include all 'injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employe while engaged in or about the furtherance of the affairs or business of his employer whether on the employer's premises or elsewhere.' According to the pleading in question, the 'injury' sustained by Liles in the course of his employment is, in the final analysis, the strangulation of part of his intestines. This condition of strangulation, it appears from the averments, directly resulted from the strain of lifting the sacks of material. Such condition and the ensuing consequences fall clearly within the statutory definition of 'injury.' The pre-existing hernia, it appears, was incidentally involved in the occurrence of such injury, but did not itself constitute the injury sustained by Liles on the occasion in question, or result from an injury sustained by him on that occasion. Subdivisions 1, 2, and 3 of section 12b of article 8306 leave no room to doubt that the subject for compensation with which the statute deals is hernia which results from an injury received in the course of employment or which constitutes such an injury. No other injury falls within the purview of this statute. Nothing appears in the statute upon which to found a reasonable conclusion that the Legislature intended to impose any limitation in respect of any injury where no hernia is involved except a pre-existing hernia which merely furnishes the condition in which the force which causes the injury operates. This statute has no application to such a case."

■ It is settled in this state that the workmen's compensation law should be construed liberally for the protection of the employee. United States Casualty Co. v. Hardie, Tex.Com.App., 299 S.W. 871; Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Texas Employers' Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390. In Travelers' Ins. Co. v. Washington, Tex.Civ.App., 5 S.W.2d 783, 785, writ ref., the court reversed and rendered the action of the trial court in rendering a judgment for the plaintiff in a suit under Sec. 12b of Article 8306, V.A.T.S., where the jury found the necessary elements for recovery under such section except that the plaintiff failed to prove that the hernia did not exist in any degree prior to the injury. On motion for

rehearing the plaintiff insisted that his cause of action as pleaded involved not only the specific provisions of the Workmen's Compensation Act relating to hernia but also the provisions relating to injuries received generally in the course of his employment. The court, in disposing of this plea, stated:

"What we have said makes certain our original conclusions, unless a plea under the specific provisions of the statute necessarily involves the essentials of an injury under the general provisions; and, the proof failing to support a specific injury, yet raising an issue under the general provisions, the case should go to the jury. We do not think that construction should be given our Workmen's Compensation Act. Under that act, as in all other cases, the probate must conform to the allegata. A recovery, if had, must be on the allegations of the petition. Having pleaded a specific injury, and only a specific injury, the proof must sustain the allegations, or the plaintiff necessarily loses his case. True, he could plead a specific injury and in the alternative an injury under the general provisions, in which event, failing to sustain his first count, he could on proper proof go to the jury on the second; but under such pleadings, if the plaintiff sent his case to the jury on issues submitting only a specific injury, as was done here, and the jury found against him, it would be said on appeal that he had waived his claim under the general provisions."

A consideration of these cases leads us to the conclusion that this case must be reversed and remanded for a new trial. Plaintiff pled, and offered proof of a general injury. He was entitled to have his case submitted to the jury on that theory. The jury found that he suffered an injury to his groin, and we cannot say as a matter of law that such an injury is a specific injury even though a hernia later develops as a result. The evidence shows in this case, and our examination of other cases leads us to believe in many cases, traumatic hernia results from a stretched or torn condition of the inguinal canal, and the rings thereof, or a stretched, torn or weakened condition of the abdominal walls. If an accident results in such an injury, without a resulting hernia, it is compensable as a general injury. Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S. W.2d 291. Under the verdict of the jury the plaintiff here suffered an injury to his groin. The evidence supports the jury's finding that such general injury existed, without complication, for four days and that thereafter it continued to disable plaintiff in connection with the hernia for six weeks. There is no evidence that the hernia resulted from a subsequent strain or injury. It is settled that the jury may consider, in determining the extent of disability, the effects of the hernia as well as the other injuries. Royal Indemnity Co. v. Jones, supra. We think, however, that if the jury had found that the disability had resulted solely from the effects of the hernia, compensation for such disability could be recovered only by showing compliance with the provisions of Sec. 12b, Article 8306. In view of the necessity for a new trial we point to the fact that here defendant requested an issue reading: "Do you find from a preponderance of the evidence that the incapacity of Leroy White after September 18, 1958, if any, was not caused solely by his hernia?" We believe that, under the facts of this record, such an issue should have been submitted. However, we do not necessarily approve the wording of this issue under a different record. It may be that an issue should be submitted to determine the date that a hernia appeared and that the incapacity issue should be so worded as to determine whether or not the incapacity after such date was caused solely by the hernia.

Many decisions of this and other courts hold that injuries resulting in herniation of the intravertebral disk in the spine, rup-

ture of internal organs, rupture of veins causing heart trouble and brain damage, and certain diseases are compensable as general injuries under our Workmen's Compensation Act. In such cases the difficulty of direct proof that such injuries or diseases resulted from accidental injury received in the course of employment is as great as in the case of abdominal hernia. Perhaps this is a matter that requires legislative consideration, but we feel that under the present statute we are bound by the decisions cited holding that incapacity resulting solely from hernia is not compensable if the requirements of Sec. 12b are not met even though such incapacity results from an injury sustained in the course of employment. We further feel that in determining whether the answers of a jury to special issues are supported by evidence in cases involving hernia we should apply the rules of law in the same manner as in cases involving injuries to other parts of the body.

By reason of the error of the court in disregarding the answers of the jury to Special Issues Nos. 7, 13, 14, 15 and 16, the case is reversed.

The Trial Court found that jury misconduct occurred, but that it was immaterial in that it only affected the answers the jury made to Special Issues Nos. 14 and 16 relating to the duration of disability. In view of our ruling that the Court erred in disregarding the answers of the jury to Special Issues Nos. 14 and 16, such jury misconduct becomes material. We, therefore, cannot render a judgment, but must remand for a new trial.

■ Plaintiff complains that the jury's answer to Special Issue No. 4 (that plaintiff did not suffer a back injury) was contrary to the greater weight and preponderance of the evidence. We have carefully examined the statement of facts and find that such answer is properly supported by credible evidence. While the evidence would have supported a contrary finding, it is not so strong as to compel one. There were cir-

cumstances in evidence tending to impeach and discredit plaintiff's testimony sufficient to remove this case from the rule laid down in Texas & Pacific Railway Company v. Moore, Tex.Civ.App., 329 S.W.2d 293, ref., n. r. e.

The case is reversed and remanded for a new trial.