W. L. McADAMS, Appellant,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellee.

No. 14800.

Court of Civil Appeals of Texas.

Houston.

Sept. 8, 1966.

Rehearing Denied Oct. 6, 1966.

Helm, Jones & Pletcher, David H. Burrow, Houston, Henry W. Flagg, Galveston, for appellant.

McLeod, Alexander, Powel & Apfell, V. W. McLeod, Galveston, for appellee.

WERLEIN, Justice.

Appellant, W. L. McAdams, sued appellee for workman's compensation benefits for total and permanent disability as a result of an injury alleged to have occurred on August 9, 1962, while working within the course of his employment for Steve's Construction Company in Galveston County, Texas. In his petition appellant alleged that as a result of the occurrence made the basis of his suit, he received injuries to his stomach and a hernia. Appellee in its answer alleged that appellant's injury and disability were confined to a hernia, and that his disability was due to pre-existing injuries.

The jury found that appellant sustained an accidental injury to his body on or about August 9, 1962 in the course of his employment with Steve's Construction Company; that said injury was a producing cause of total incapacity which began on August 9, 1962, and that such incapacity was permanent. The jury in answer to Special Issue No. 13 found that appellant had worked in the employment in which he was engaged at the time of his injury for the same or another employer for at least 210 days during the year next preceding August 9, 1962. Having so found, the jury did not answer Special Issues Nos. 14, 15, and 16 relating to Sub-sections 2 and 3 of Sec. 1, Article 8309, Vernon's Annotated Texas Statutes. The jury found that the payment of compensation to appellant in weekly installments, instead of a lump sum, would result in manifest hardship and injury to him. To other issues the jury found that the injury received by appellant on August 9, 1962 was a hernia; that his incapacity was not caused solely by his hernia; that his incapacity was not caused solely by disease, impaired physical condition, age, injuries or a combination of such, which had no connection with the injury of August 9, 1962; and that prior on-the-job injuries occurring before August 9, 1962 had not contributed to appellant's incapacity.

Appellant filed a motion for judgment on the jury verdict for permanent total disability in lump sum at the compensation rate of $35.00 per week, which motion was overruled. Instead, the trial court on appellee's motion for judgment, or, in the alternative for judgment non obstante veredicto, entered judgment that appellant take nothing.

Appellant asserts that the trial court erred in failing to enter judgment on the jury verdict in his favor for compensation at the rate of $35.00 per week for total permanent disability in lump sum, and alternatively in failing to enter judgment on the jury verdict in his favor for compensation at the rate of $9.00 per week for total permanent disability in lump sum, and also erred in entering judgment for appellee or in the alternative judgment non obstante veredicto, for the reason that there is no evidence in support of the court's judgment, and the same is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

These assignments of error require a careful reading and consideration of all the evidence adduced at the trial, both that in

support of the court's judgment and that militating against it. The evidence shows that appellant had sustained a leg injury and amputation of his right leg in 1920, and that he wore an artificial right leg; that he had hurt his kneecap in 1923, and had some injuries to his hand. These injuries did not keep him from engaging in heavy labor. In 1962 he started working for Steve's Construction Company in Texas City. At the time of his accident he was driving a caterpillar tractor towing a sheep's foot roller. He testified that they had about a 40 or 50 foot top on a levee, and in rolling on top of it and making turns he had to go down and turn and come back. He further testified: "In order to make those turns you have got to lock your brake, make your swing, pull your clutch out, lock your brake to locate your tracks to spin around."

Q. This is a tractor?

A. Yes, tractor machine, and the brakes on that were exceptionally hard to work, push down, and I noticed that along in the middle of the day sometimes that leg pained a little bit and up in the groin.

Q. Did you get a sharp pain or dull pain or what?

A. Later on, I did, yes.

Q. What type was it?

A. Well, I was making a turn, pushing hard on that brake and pulling my clutch, and I noticed a little sharp pain in there, but at the time I didn't pay much attention to it. You strain yourself doing that kind of work once in awhile and in a day or two it is over, so I went on, * * *

Q. That night did you notice anything unusual?

A. Yes, sir, after I got off from work I went on in, and after I taken a shower and laid down I noticed it was sore up into the groin in here, and in rubbing my thumb over it there was a tender spot there and it felt like you rub yourself over an air pump or something like that where it was torn and the intestines were coming out through the tear in the lining of the stomach.

Appellant further testified that the next day he went out there and told Mr. Clayton (Foreman for Steve's Construction Company); that he saw a Mrs. Connie Williams, a trained nurse, and as a result of that visit he went to see a doctor on about August 17, 1962, and went to Alvin and talked to Dr. Hayes; that he was operated on for a hernia and was in the hospital some 11 or 12 days; that about 2½ months after his operation the hernia "busted out again" and he had to go to the hospital for a second operation which was performed by Dr. Chambler in November, 1962; that Dr. Chambler cut out the scar from the other operation and inserted a screen of some kind, which he said was to reinforce the stomach; that he was in the hospital on this occasion some 17 days; that thereafter he went back to the doctor once a week for some five or six weeks, explaining to the doctor that he had a sharp pull in the lower part of the groin and pain which extended down into the groin and into his left leg and down about the area of his scrotum.

The trial court's judgment does not state upon what findings or conclusions the court granted the defendant's motion for judgment. We have read the statement of facts in an effort to determine whether there is any evidence in support of the jury findings of total and permanent incapacity as a result of injury sustained by appellant on August 9, 1962. It is our view that there is some evidence. The question arises, however, as to whether appellant has pleaded and proved a cause of action for an injury to his body generally or an injury consisting only of a hernia and the effects thereof. If appellant's cause of action is one merely for a hernia and its effects, appellant has failed to plead and prove such cause since he did not comply with Article 8306, Sec.

12b, V.A.T.S., in that he neither pleaded nor proved definitely that the hernia appeared suddenly and immediately following the injury; that the hernia did not exist in any degree prior to the injury for which compensation is claimed; and that the injury was accompanied by pain. In any event, there were no jury findings with respect to such matters, although the burden was on appellant to prove the same definitely and to obtain such findings.

It is appellant's contention, however, that he is not suing merely for hernia but for an injury to his groin and stomach, and for conditions which resulted from the hernia operations, especially the last one. It is undisputed that appellee paid for appellant's operations and hospitalization and, according to appellant's testimony, compensation benefits at the rate of $35.00 per week for 24 weeks. Where there is a successful hernia operation the compensation benefits are limited under Article 8306, Sec. 12b, to 26 weeks.

The evidence shows that although the hernia operation was successful, certain painful conditions have resulted therefrom. Dr. Parker testified that the hernia had been satisfactorily repaired so far as the defect in the abdominal wall was concerned, and that the hernia no longer existed, but that when he examined appellant on September 11 and 15, 1964, he was complaining of pain in his left inguinal area, that he found a scar about six inches long in the left groin, and that the area of the scar was hardened; that there were several enlarged veins in the cord that goes to the testicle, referred to as varicocele, and, that the cord was thickened and firm in contrast to the right side; that people can have varicoceles without ever having had an operation; that in this case Mr. McAdams had as much a thickening and fibrosis of the cord as he had a varicocele, the varicocele was only a part of it; that in his opinion based upon reasonable medical probability, this enlarged condition was probably due to the effect of the hernia repairs; that in his opinion appellant had some trouble in the

spermatic cord following one or the other hernia repair.

Dr. Parker further testified that the vein enlargement in appellant was lesser than the fibrosis in the cord, and that he could feel the fibrosis of the cord after it entered the abdomen; that he thought appellant would have a heavy feeling in there and some actual pain; that vena enlargement would be most likely; that he felt appellant had had a wound infection following the operation; that his complaint of weightiness was in the left inguinal area or left groin; that appellant complained of it down into the left thigh and into the pubic area, and that the pain in the thigh was a referring pain site from the groin; that with respect to whether or not the thickening of the cord was disabling, it would depend on whether the patient had a dull ache and a weightiness, and those were the sensations of which the appellant complained; that assuming that appellant had nothing wrong with his groin, no hernia, no operation, and no thickening, he still would not pass appellant on pre-employment examination; and that, on the other hand, if appellant had been working 45 years with an artificial leg operating heavy equipment and was on the job and sent in for an annual employment physical examination, and had nothing wrong with his groin, no hernia, no operation, and no thickening, he would have passed him.

Dr. Chambler testified that he did a formal lattice repair in the second operation using nylon material to replace the muscles and tissues that are diffused in and around the bulge; that the second operation was a successful surgery; that he thought appellant had made a complete recovery from his operation with little or no disability, and that this would not now interfere with his employability; that both of the hernias were direct hernias, not into the scrotum itself, but around the cord as it comes through the abdominal wall; that in his opinion the accident on August 9, 1962 contributed directly to both hernias; that on February 1, 1963, it was his opinion that there would be some disability there; and

that it was reasonable to think that appellant felt some discomfiture because of the nature of the lattice repair, but he thought it doubtful that the pain and discomfiture were disabling.

■ Appellant pleaded that he received injuries to his stomach and received a hernia. There is no evidence that appellant received any injury to his stomach. His cause of action is limited, therefore, to the hernia and disability growing out of the hernia and the operations therefor. The law is well settled that where an employee sustains a specific compensable injury, he is not limited to compensation allowed for that specific injury if such injury, or proper or necessary treatment therefor, causes other injuries which render the employee incapable of work. Zurich General Accident & Liability Insurance Co. v. Daffern, 81 F.2d 179, 5th Cir. 1936, cert. den. 298 U.S. 667, 56 S.Ct. 751, 80 L.Ed. 1391, and cases there cited; 62 Tex.Jur.2d, Workmen's Compensation, Sec. 162; 62 Tex.Jur.2d, Workmen's Compensation, Sec. 68; 58 Am.Jur., Workmen's Compensation, Sec. 279. In United Employers Casualty Co. v. Marr, Tex.Civ.App., 144 S.W.2d 973, writ dism., Judgment correct, the Court said:

"Our courts have uniformly held that a compensable injury under the Workmen's Compensation Law includes and contemplates not only the immediate effects arising from the injury itself, but the effects of any aggravation of such injury resulting from medicinal or surgical treatment, when there is no intervening, independent cause to break the chain of causation between the new injury or aggravation and the original injury. 39 A.L.R. 1276; Kirby Lumber Co. v. Ellison, Tex.Civ.App., 270 S.W. 920; Aetna Life Ins. Co. v. Liles et al., 131 Tex. 383, 114 S.W.2d 534; Zurich General Accident & Liability Ins. Co. v. Daffern, 5 Cir., 81 F.2d 179."

■ In order, however, for the employee to recover for any additional disability, it must first be established that his injury was a compensable injury. In the instant case appellant has failed to prove that his hernia was a compensable hernia under the provisions of Article 8306, Sec. 12b, V.A.T.S. He failed to prove and obtain a jury finding that the hernia appeared suddenly and immediately following the injury; that it did not exist in any degree prior to the injury; or that the initial injury was accompanied by pain. It is true he testified that he noticed along the middle of the day "sometimes that leg pained a little bit and up in the groin," but he did not have a sharp pain or a dull pain until later on. He also testified that on "making a turn, pushing hard on that brake and pulling my clutch, and I noticed a little sharp pain in there, but at that time I didn't pay much attention to it. You strain yourself doing that kind of work once in awhile and in a day or two it is over." He did not know when the hernia actually occurred. He did not discover that there was any protrusion of any kind until after he had gotten off work, had taken a shower and had lain down. It was then that he noticed "it was sore up into the groin in here, and in rubbing my thumb over it there was a tender spot there and it felt like you rub yourself over an air pump or something like that where it was torn and the intestines were coming out through the tear in the lining of the stomach."

He did not see a doctor until August 17, 1962 and he was not operated on until August 21, 1962. Although appellant testified that he noticed, "it was sore up into the groin in here," he was never treated for any injury other than the hernia. The medical testimony shows that the fibrosis of the cord was due to the operations and perhaps some infection. The evidence shows that such conditions were not directly caused by the accident but that they were the effects of the hernia and the operations made necessary by the hernia. Having failed to obtain jury findings and to establish that the hernia in question was a compensable injury, appellant may not recover from the effects of such injury. A compensable injury is a sine qua non of any recovery.

Judgment affirmed.