The AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Kelton E. THOMAS, Appellee.

No. 7013.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 20, 1969.

Rehearing Denied March 13, 1969.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Alvin E. Wiggins, Daylee Wiggins, Beaumont, for appellee.

PARKER, Chief Justice.

This is a workmen's compensation suit brought by appellee, Kelton E. Thomas, against appellant, the Aetna Casualty & Surety Company, to recover compensation for a general injury as the result of an in-

jury of March 6, 1967, to his lower back, as well as a hernia or hernias, while employed by E. I. DuPont de Nemours & Company, at its plant in Jefferson County. Trial was to a jury. The jury found that Thomas' disability was solely caused by a hernia, or hernias. On the verdict of the jury, judgment was entered in favor of appellee for a general injury upon the basis of a compensable hernia or hernias for 200 weeks partial disability beginning March 6, 1967. The insurance company had denied liability and had refused an operation for hernia. The insurance company has appealed. Judgment of the trial court is reversed and remanded. Appellant will sometimes be called defendant. Appellee will sometimes be called plaintiff.

We consider appellant's Points of Error 10 and 13 as controlling the disposition of this appeal. These Points of Error contend that there is no evidence to support the finding of the jury, in answer to Special Issue No. 19, that a hernia, or hernias, did not exist in any degree prior to March 6th, 1967. In passing upon these points, we consider only the evidence favorable to this finding by the jury.

EVIDENCE: Plaintiff testified that several weeks prior to March 6, 1967, he had passed a physical examination for the DuPont Company and had taken one or two others for the DuPont Company. They gave these examinations periodically. On Monday, the 6th day of March, 1967, at about 3:00 o'clock in the afternoon, he was lifting a can containing scrap metal to a truck. This weighed about 125 pounds. This lifting had to be done physically. Immediately, he experienced sharp pain in the lower part of the stomach. It felt like something tore loose, and was on both sides of the lower part of his stomach. When he went home, there was a big and a little protrusion, one on each side, the large protrusion being on the left side.

On March 9, 1967, Thomas went to see Dr. Thompson, who examined him and found that he had a bilateral inguinal hernia and recommended that he have surgery to repair it. Dr. Thompson explained that when he used the words "bilateral inguinal hernia," which was his diagnosis, he meant a hernia occurring on both sides in the groin region. Dr. Thompson also stated that Thomas could not pass a pre-employment physical examination for any job requiring any lifting, straining, or any kind of heavy, or even moderate, work, by most standard physical requirements unless something surgically is done. Dr. Thompson further stated he "felt that he would stand an excellent chance of being restored to full working capacity after he underwent successful surgery." Dr. Thompson sent him to Galveston to have surgery because of economic reasons. Thomas was examined by the clinic of the University of Texas Medical Branch Hospital at Galveston on April 3 1967, with the diagnosis "bilateral inguinal hernia." There was no surgery.

On February 23, 1967, and prior to the alleged accident, Dr. Thompson had examined Thomas and found he might possibly have had then an ulcer accompained by a possible depressive reaction. He prescribed a specific diet for ulcers and medication to relieve his depressive symptoms. He did not say whether or not he then examined Thomas for a hernia.

On the day of the alleged accident, Thomas had been working for the DuPont Company for about eighteen months as a general or common laborer. Dr. Thompson called E. T. Graves, department head with DuPont, and told him that Thomas needed an operation. Thomas was always ready, willing, and physically able to submit to the surgical operation, but DuPont and the insurance company refused to pay for the needed surgery. Dr. Thompson gave Thomas a report to the DuPont Company stating that surgery was necessary immediately. Thomas took this report to DuPont, and "Preacher" Graves, the general foreman, fired him on the spot. The insurance company has not paid Thomas any compensation, has not tendered an operation to Thomas or offered to pay for the surgery

the doctor said was necessary, but refused so to do. Dr. Thompson prescribed a back brace, which Thomas wore.

Dr. Bernard D. Koshkin, a witness called by the defendant, made an examination of the plaintiff, Kelton Thomas, at the instance of the said appellant insurance company on April 17, 1967. He found "no evidence of any hernias on either side."

Dr. George Bruce Stephenson, at the instance and request of appellant insurance company, examined Thomas on September 23, 1967, for a possible back injury and not for hernias. He was not examining him for treatment, but for the information of the insurance company.

In this case, the insurance carrier never tendered Thomas an operation. The Industrial Accident Board never ordered one. Thomas was never called upon to either accept or reject an operation. He voluntarily sought to obtain an operation from the insurance company and his employer, but was refused. Under such facts, the claimant Thomas may be compensated as for a general injury. The insurance company denied liability which is conclusive that it refused a surgical operation. Appellee sought recovery for a general injury, and not a specific injury.

■ Even though plaintiff was entitled to recover for his disability from his hernia or hernias, as a general injury, he still had to plead and prove the four essential facts required to be proven in accordance with Article 8306, Section 12b. National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, 1091 (1940); Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137 (1944); and McAdams v. Fidelity and Casualty Co. of New York, 406 S.W.2d 518, 520 (Tex.Civ.App., 1966, error ref. n. r. e.). Appellee seems to have been mislead by a statement in the Lowery opinion appearing in Vol. 148 S.W.2d on page 1091 to the effect that "none" of the "above-quoted provisions of Article 8306 can be applied in this case." The mention in Lowery of the

"above quoted provisions" had reference not to the four statutory constituent elements required in hernia cases, but to the language in Section 12(b) appearing after the enumerated requirements. It should also be noted that in Lowery, the four elements of a compensable injury were proved, as plainly stated therein. We sustain the no evidence points of error as to Special Issue No. 19, in answer to which, the jury found that said hernia or hernias did not exist in any degree prior to March 6, 1967.

Defendant makes this statement supporting these points:

"This record has been searched from cover to cover, and not one word is to be found that any hernia or hernias suffered by Appellee *did not exist in any degree prior to March 6, 1967 * * *"

Plaintiff attempts to answer this charge of lack of evidence by the assertion that he had been working for DuPont for approximately eighteen months and had taken periodical physical examinations in connection with his employment, the last of which was "several weeks before March 6, 1967." From this premise, he argues that this "would be evidence that a hernia or hernias did not exist in any degree prior to March 6, 1967. Certainly if such did exist, DuPont doctors who examined him several times before the injury would have discovered this."

Plaintiff's reply is a non sequitur and does not answer defendant's contention. We, too, have carefully searched the record and are unable to find any probative evidence in the record showing or tending to show that the hernia (or hernias) did not exist in any degree before the alleged accident. One of the statutory basis of plaintiff's recovery for the hernia is to be found in Article 8306, Section 12b, Subdivision 3, reading:

"That the hernia did not exist in any degree prior to the injury for which compensation is claimed."

**152**

■ It was plaintiff's burden to bring forward sufficient evidence to support a favorable finding to such issue. Travelers' Ins. Co. v. Washington, 5 S.W.2d 783 (Tex. Civ.App., 1928, error ref.); Lewis v. American Surety Co., supra; Jasper v. Liberty Mut. Ins. Co., 119 S.W.2d 386 (Tex.Civ. App., 1938, error ref.). Cf. White v. Travelers Insurance Company, 346 S.W.2d 170 (Tex.Civ.App., 1961, error ref. n. r. e.).

■■ It is a matter of common knowledge, of which this court may take judicial knowledge, that a hernia may not exist one day and appear on the next.[1] The plaintiff had the burden of establishing the fact that the hernia did not exist in any degree before the accident, not that the DuPont doctors would have discovered it several weeks before the alleged accident had it been in existence then. We simply hold that proof of the non-existence of the hernia at a prior time does not constitute evidence of its non-existence *at* the time of the alleged accident.

As defendant aptly points out in the brief, all plaintiff "would have had to do, * * * would have been to testify that he had no protrusion before March 6, 1967." No one asked him the magic question.

The disposition which we have made of this point makes it unnecessary for us to discuss in detail defendant's other points. We have considered all the remaining points brought forward in the brief and each is overruled.

■ This case was not fully developed by appellee in discharging his burden of proving under Article 8306, Section 12b, Subdivision 3, that the hernia or hernias did not exist in any degree prior to the injury of March 6, 1967. If the pleadings contend there be more than one hernia, it is the better practice to obtain separate findings of the jury on each hernia of the four essential facts required to be proven

by Article 8306, Section 12b. Doubtless, upon another trial, compliance will be had as to the requisite pleading and proof as to hernias on each side, although one hernia is enough to support a general injury.

In the interest of justice, and under Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.Sup. 1966), this cause is

Reversed and remanded for new trial.

---

1. See discussion of the definition of hernia in Lewis v. American Surety Co., supra, 184 S.W.2d at p. 139. Cf. Con- curring opinion in Insurance Company of North America v. Kneten, Tex., 440 S.W.2d 52 (Jan. 22, 1969).