Albert J. FUSCO, Appellant,

v.

BIRDVILLE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 5535.

Court of Civil Appeals of Texas, Eastland.

Dec. 11, 1980.

Rehearing Denied Dec. 31, 1980.

Charles D. Yarborough, Bedford, for appellant.

Roy B. Johnson, Fillmore & Camp, Fort Worth, for appellee.

McCLOUD, Chief Justice.

Albert J. Fusco sued his employer, Birdville Independent School District, a self–insurer, for worker's compensation benefits. Fusco alleged that he suffered a compensable hernia on or about October 13, 1976. The jury found in Special Issue 1 that Fusco received an injury on or about October 13, 1976 that resulted in a hernia, but failed to find in Special Issue 3 that the hernia appeared suddenly and immediately following the injury. Because of conditional sub-

missions, the jury did not answer Special Issues 4 and 5 which asked if the hernia existed in any degree before the injury, and if the injury was accompanied by pain. Judgment was entered for defendant. Fusco appeals. We affirm.

Tex.Rev.Civ.Stat.Ann. art. 8306, § 12b (Vernon 1967) provides in part:

> In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:
>
> 1. That there was an injury resulting in hernia.
> 2. That the hernia appeared suddenly and immediately following the injury.
> 3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.
> 4. That the injury was accompanied by pain.

Fusco argues that Special Issues 3, 4, and 5 [1] are inferential rebuttal issues and should not have been submitted. We disagree. As we stated in *Wirtz v. Orr*, 533 S.W.2d 468 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.) an inferential rebuttal issue is one which seeks to disprove the existence of an essential element submitted in another issue. *See Select Insurance Company v. Boucher*, 561 S.W.2d 474 (Tex.1978). In *Lewis v. American Surety Co.*, 143 Tex. 286, 184 S.W.2d 137 (1944), the court held that the statutory matter inquired about in Special Issues 1, 3, 4, and 5 are fact issues which should be determined by the jury, and that by the express language of Section 12b, copied above, they are the employee's issues and not defensive issues.

Fusco further contends that since defendant failed to tender an operation, Section 12b, the hernia statute, does not apply, and he should be compensated for a general injury, notwithstanding the failure of the jury to find all of the essential elements contained in the first paragraph of Section 12b. We disagree. Plaintiff's

pleadings show that his disability resulted solely from his hernia.

Our Supreme Court recently stated in *Clem v. Dallas Independent School District*, 600 S.W.2d 925 (Tex.1980): "Section 12b of the Act provides for claims for hernia. The first paragraph sets out four requirements for any hernia to be compensable."

We think the correct rule was stated in *Aetna Casualty & Surety Company v. Thomas*, 438 S.W.2d 149 (Tex.Civ.App.—Beaumont 1969, no writ) wherein after noting that the insurance carrier had refused to tender an operation and had denied liability, the court said:

> Even though plaintiff was entitled to recover for his disability from his hernia or hernias, as a general injury, he still had to plead and prove the four essential facts required to be proven in accordance with Article 8306, Section 12b. *National Mutual Casualty Co. v. Lowery*, 136 Tex. 188, 148 S.W.2d 1089, 1091 (1940); *Lewis v. American Surety Co.*, 143 Tex. 286, 184 S.W.2d 137 (1944); and *McAdams v. Fidelity and Casualty Co. of New York*, 406 S.W.2d 518, 520 (Tex.Civ.App.—1966, error ref. n.r.e.).

See also: *White v. Travelers Insurance Company*, 346 S.W.2d 170 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.).

Fusco's reliance on *Bituminous Casualty Corporation v. Martin*, 478 S.W.2d 206 (Tex.Civ.App.—El Paso 1972, writ ref'd n.r.e.) is misplaced. No contention was made in *Martin* that the employee failed to prove a compensable hernia. It is clear that in *Great American Indemnity Company v. Gravell*, 297 S.W.2d 371 (Tex.Civ.App.—San Antonio 1956, no writ), which was cited by the court in *Martin*, the injured employee proved a compensable hernia as required by Section 12b.

We have considered all points of error, and all are overruled. The judgment of the trial court is affirmed.

1. Special Issues 3, 4, and 5, were submitted as suggested in 2 Texas Pattern Jury Charges §§ 27.03, 27.04, and 27.05 (1970).