**EMPLOYERS REINSURANCE COR-
PORATION, Appellant,**

v.

**Barton Eugene VANN, Appellee.**

**No. 5744.**

Court of Civil Appeals of Texas.

El Paso.

April 6, 1966.

Rehearing Denied April 27, 1966.

Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for appellant.

Warren Burnett and Robert D. Pue, Odessa, for appellee.

PRESLAR, Justice.

This case arose under the Texas Workmen's Compensation Act, and based on the jury's answers to special issues, judgment was entered for the plaintiff, Barton Eugene Vann, awarding him compensation for total and permanent disability. We affirm.

Questions on appeal are whether the court should have submitted special issues inquiring whether a prior injury suffered by plaintiff contributed to his incapacity, and if there is any evidence or sufficient evidence to sustain the jury findings to establish wage rate or to require the submission of such issue.

■ Appellant, Employers Reinsurance Corporation, assigns as error the failure of the trial court to submit its tendered issues inquiring whether a prior injury to plaintiff's fingers of his left hand contributed to his incapacity, and if so, by what percentage. The question is whether there was evidence to raise the issue. Plaintiff testified that he had broken three fingers of his left hand while on the job for "some little outfit in Abilene" and that he missed two weeks' work because of such injury. That occurred in 1953. He then was asked: "As a matter of fact, as you told me in your deposition, every day the fingers in your left hand are stiff, aren't they?" To that he answered, "That's right, sir." The above-summarized evidence and the one question is the total evidence relied on by appellant to raise the issue of contributing incapacity. Appellee's present incapacity results from injuries to his back. Involved is that portion of section 12c of Article 8306, Texas Revised Civil Statutes, 1925, Vernon's Ann.Civ.St. art. 8306, § 12c, reading as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury *which results in a condition of incapacity to which both injuries or their effects have contributed,* the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury." (Emphasis ours).

Thus, by the wording of the statute and the wording of the requested issues, we are concerned with "incapacity". Viewing the evidence in the light most favorable to appellant, and assuming that the evidence means the three fingers are always stiff, it still is not evidence that such condition interfered with the man's ability to work— that it was incapacitating. It is not evidence that it contributed to his present incapacity independently or in concurrence with his present injury. On the other side of the question, the evidence is abundant that during the ten years since the injury the workman had a great capacity for work. His ability was such that he worked for the same employer as a roughneck and driller for ten years, and when that employer's rig was not operating, he worked temporarily for others. He testified that

the fingers did not bother his work as a roughneck, that none of his employers ever had any quarrel with his work, and testimony from others concerning his ability to work was that "he was an awful good hand as a roughneck" and that there was "no better roughneck in the oilfields". Rule 279, Texas Rules of Civil Procedure, requires the court to submit the controlling issues made by the pleading and evidence, but we are of the opinion that the evidence on which appellant relies was, at most, a mere scintilla of evidence, and that reasonable minds could not differ on the issue which it attempts to create. Appellant's Points One and Two are accordingly overruled.

■ By Points of Error presented in both its Motion for Judgment Non Obstante Veredicto and Motion for New Trial, appellant urges that there was no evidence to support the jury's answer to Issue No. 12 and the evidence was insufficient to support such issue, and that there was no evidence, or insufficient evidence, to support the submission of same. In response to Issue No. 12, the jury found that the plaintiff had worked at least 210 days of the year immediately preceding the date of his injury. The plaintiff was injured on March 6, 1963, while employed by Parker Drilling Company, for whom he had gone to work on March 1st. A review of the evidence for the twelve months immediately preceding the date of injury shows that the plaintiff's income tax returns for the years 1960, 1961 and 1962 were in evidence, and they reflected that he averaged an income of $7,800.00 for such years. He testified that to earn such income as a roughneck and driller it was necessary that one work "nearly every day", and that he took no extended vacations—never more than two or three days at a time. He earned $7,753.48 in the year 1962. During all of these years he was employed by F W A Drilling Company, but worked for others temporarily between jobs for F W A, and he was working for that employer right up until the day he went to work for Parker, the "next day" after the F W A rig was shut down. Thus, of the twelve months immediately preceding the injury, some 300 days of such period was in 1962, as to which the testimony was that to earn his income for such period one had to work nearly every day, and that he was never off more than two or three days at a time. As to the remainder of the twelve months period, January, February, and the first six days of March, it is undisputed that he worked for Parker six days in March. In connection with his testimony of having worked for F W A for ten years, he was asked: "You were actually working for them right up until the time you hired out to Parker and got hurt, weren't you?" The answer to that question was "yes", as was the answer to a later question: "Now along in February, of this year, 1963, were you working for F W A?" Plaintiff further testified:

"Q Now, I want to ask you this question before I forget it: Between the 12 month period of time between March 6, 1962 and March 6, 1963, in that 12 month period—now do you have in mind what period of time I am talking about?

A Yes.

Q Did you keep a work record of how many days you worked as a roughneck and how many days you worked as a driller?

A No sir, I don't keep no record of that at all.

Q Do you know positively how many days you worked as a roughneck and how many days as a driller?

A No sir, I couldn't tell you that.

Q Now, I have to ask you this question: Do you know of your own knowledge whether or not you worked as many as 210 days as a roughneck during that period of time?

A I probably did, at least. I couldn't tell you for sure.

Q You just don't know about it?

A No.

Q Now, on the days during that year, talking about as a roughneck, on the days you actually worked what would be your average daily pay?

A Around $20 a day."

From the above summarized and quoted evidence, the jury found that the plaintiff had worked at least 210 days of the year immediately preceding his injury. Viewing only the evidence favorable to such finding, we overrule appellant's contention that there was no evidence to support such finding; and, viewing all the evidence, we overrule appellant's point that the evidence is insufficient to support such assignment. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660; Hartford Accident & Indemnity Co. v. Gant, Tex.Civ.App., 346 S.W.2d 359.

From the above discussion of the evidence available and the requirements of Rule 279, it follows that we are of the opinion that appellant's remaining points of error as to the submission of Issue No. 12 should be overruled.

All points of error having been overruled, the judgment of the trial court is affirmed.