**C. H. HARRISON COMPANY, Appellant,**

v.

**H. R. M., INC., et al., Appellees.**

**No. 4546.**

Court of Civil Appeals of Texas.

Waco.

Feb. 23, 1967.

Rehearings Denied March 23, 1967.

John B. McNamara, Jr., Waco, for appellant.

Kelso, Locke & King, San Antonio, Barkley & Cutcher, Taylor, Farmer, Maddin & Walker, Waco, for appellees.

## OPINION ·

WILSON, Justice.

Appellee, H. R. M., Inc., sued a prime contractor and a subcontractor for road construction equipment rentals. The prime contractor filed a cross-action against appellant alleging an indemnity agreement by which appellant assumed liability for all obligations under a road construction contract. Judgment was rendered for appellee against appellant on a jury verdict.

Appellee pleaded and proved execution in 1962 of four separate written contracts by which it rented four units of equipment, each for a specified monthly rental. It alleged that in 1963 these four units were combined with two other pieces of equipment in one 30-month lease agreement containing a purchase option. Appellee pleaded that the 1963 agreement was abandoned in 1964 and five pieces of equipment were rented separately by oral agreement, each at the same monthly rental rate provided by the 1962 contract. Appellant's position was that the 1963 written contract was never abandoned; that it was not a rental agreement, but a sale. The jury found the parties abandoned the 1963 contract.

Although appellant's brief contains 21 points, it presents four briefed "propositions" which appear to constitute its contentions and grounds for reversal. The first of these is that it is not liable because the 1963 contract is "in law, a chattel mortgage and not a lease," or that in legal effect it is "a sale and not a bailment." The second is that the 1963 contract remained in effect until abandoned or otherwise terminated by agreement, and it was not so terminated. The third is that "the Statute of Frauds does not permit a written contract to be rescinded by an oral agreement." Proposition 4 asserts that appellee must establish that notice of claim was given in the manner required by Art. 5160, Vernon's Ann.Civ.Stat., under which appellees' action was brought, and it is said it was not so given.

The argument as to the statute of frauds and the contention concerning sufficiency of notice under the statute are not reached because they are not raised by defensive pleading as required by Rule 94, Texas Rules of Civil Procedure; and are not the subject of assignments in the pre-

requisite motion for new trial. They may not be first raised here. Rules 324, 374, Texas Rules of Civil Procedure; City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746; Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54; Hortenstine v. McKlemurry, Tex.Civ.App., 402 S.W.2d 946, writ ref. n. r. e., and cases cited, Syl. 2.

It is urged that Art. 5160 under which the suit was instituted provides for recovery of rental only, and not the purchase price of equipment; that the 1963 contract was one of sale, and appellee was not entitled to recovery of rentals. The argument becomes immaterial by virtue of the jury finding that the 1963 contract was abandoned. The case is reduced, therefore, to the only real issue: whether there is adequate evidence to support this finding.

■ There is evidence to show appellant had defaulted in payment since September, 1963 and was delinquent for several months. Appellee's president testified that in January, 1964 there was "an oral contract that you just do away with all of this contract here of March 27, 1963 and February, 1963"; that it was said, "Now, from here on out we're going to charge rental on that equipment" as set out in the 1962 agreements, and that "after we abandoned the lease agreement," the rental rates agreed on in the oral contract were "the same rental rates we started out with"; that they did not "operate any further under that written contract" because "they didn't have the same machines." Although his evidence was disputed, the president testified an officer of the subcontractor to whom the equipment was delivered agreed to the change. This officer testified at one point that there was no other change in the 1963 agreement except the method of billing, "at this time;" but he also testified unequivocally that "that contract had been abandoned about the first of the year 1964." There is testimony which would support a contrary verdict, but we are unable to hold the evidence was not adequate to support the finding. Appellant's contentions as briefed have been fully considered, and are overruled.

■ Appellee presents a cross-point complaining of denial of a portion of its claim. It filed no motion for new trial. Its complaint is waived. Rule 324, Texas Rules of Civil Procedure; Edgar v. Schmidt, Tex.Civ.App., 243 S.W.2d 414, 417; Furrh v. Furrh, Tex.Civ.App., 251 S.W.2d 927, 934, writ ref. n. r. e.; Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002, 1009.

The judgment is affirmed.