**Casciano O. ALVAREZ, Appellant,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 14849.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 21, 1970.

Rehearing Denied Feb. 11, 1970.

Carlos R. Escobar, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, Eugene T. Edwards, El Paso, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment rendered on a jury verdict in appellant's suit to recover under the Texas Workmen's Compensation Act for a general injury to his back. The jury found that appellant sustained an accidental injury on February 19, 1966, in the course of his employment for Farah Manufacturing Company, Inc., which resulted in two weeks total incapacity followed by "approximately 676 weeks" of partial incapacity. The jury found, however, that a prior back injury sustained by appellant in the course of his employment by Farah Manufacturing Company contributed fifty per cent to his present incapacity. The compensation rate was reduced by fifty per cent pursuant to Art. 8306, sec. 12c, Vernon's Ann.Civ.St., and judgment entered whereby appellant recovered judgment in a lump sum for 300 weeks partial disability at the rate of $13.-42 per week, plus two weeks at $35.00 per week, together with medical expense of $264.25.

Appellant asserts as his sole point on this appeal that the trial court erred in overruling his motion to disregard the two special issues relating to his prior injury and in not entering judgment whereby he recovered the compensation for his present disability without any deduction for the prior injury. Appellee urges at the outset that such point may not be considered because it does not comply with Rules 320, 322 and 374, Texas Rules of Civil Procedure. These rules govern the form of assignments of error in motions for new trial which become the basis for points of error, and there must be a substantial compliance with their provisions if a litigant is to have his points of error based thereon

considered by an appellate court. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). Appellant's assignment of error here is predicated on his motion to disregard the jury findings as to these two issues and not on a motion for new trial. Such procedure is authorized by Rule 324, T.R.C.P. Appellant's motion to disregard gave the trial court fair notice of the proposition he now urges on this appeal. Appellee's counter-point No. 1 is overruled.

Appellant urges that there is no evidence that the prior back injury was a "compensable injury" and therefore the trial court erred in not disregarding the finding that such injury contributed 50% to his present incapacity.[1] In determining this point we must consider only the evidence and the reasonable inferences therefrom which support this finding. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex. Sup.1966).

Appellant was employed by Farah Manufacturing Company from 1949 until April 19, 1966. He admits that in June, 1957, he fell from a truck while working on the job. Although he testified that he was not injured by this fall, he admits that he saw the company doctor and had physical therapy treatments for his back three times weekly over a three-week period. There is no evidence that he missed any work as a result of this injury or that a claim for compensation was made. In fact, there is no evidence that Farah Manufacturing Company carried workmen's compensation insurance at that time. Although appellant does not complain of the jury finding that such prior injury contributed 50% to his present incapacity, it should be observed

that there was evidence from both lay witnesses and medical experts that his present disability is related to the prior injury to his back.

Art. 8306, sec. 12c, supra, provides: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries."

■ The word "injury" as used in this section, as related to a general injury, means a "compensative injury." Unless the prior general injury is one for which compensation is *provided* under the terms of the statute the insurer's liability cannot be reduced by reason thereof. St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744, 749 (1962). Accordingly, it was there held that the trial court did not err in disregarding a jury finding that a noncompensable injury (farm injury) had contributed 25% to the employee's incapacity. This case also holds that it is the extent of the prior injury that reduces the insurer's liability, not what the employee was paid in settlement of his claim growing out of the injury.

1. "SPECIAL ISSUE NO. 16.

Do you find, from a preponderance of the evidence, that the back injury sustained by the Plaintiff, Alvarez, in the course of his employment by Farah Manufacturing Company several years prior to February 19, 1966, contributed to his present incapacity, if any?

Answer 'Yes' or 'No'.

WE ANSWER: Yes.

If you have answered 'Yes' to the preceding special issue, then but not otherwise answer the following issue:

"SPECIAL ISSUE NO. 17.

What percentage of his present incapacity, if any, do you find from a preponderance of the evidence resulted from his back injury of several years prior to February 19, 1966?

You will answer by stating the percentage, if any.

WE ANSWER: 50%."

The Texas Workmen's Compensation Act provides in part that an employee of a subscriber is entitled to compensation when he sustains an injury in the scope of his employment provided, however, that no compensation shall be paid under this law for a general injury which does not incapacitate the employee for a period of at least one week. Art. 8306, secs. 3a, 3b and 6, Vernon's Ann.Civ.St.; 62 Tex.Jur.2d, Workmen's Compensation, § 65. Appellee urges that since appellant's prior back injury was sustained in the scope of his employment same was a compensable injury. The cases relied upon by appellee in support of this proposition are not in point in that each involved the question of the type of injury for which compensation could be then recovered and not whether a prior injury was a "compensable injury" within the meaning of Art. 8306, sec. 12c. See Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581, 584 (1938); Travelers Ins. Co. v. Strech, 416 S.W.2d 591, 595 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.); Kimbrough v. Indemnity Ins. Co., 168 S.W.2d 708, 709 (Tex.Civ.App.—Galveston 1943, writ ref'd).

We have found two cases wherein the effect of a prior injury sustained in the scope of employment which did not entitle the employee to any compensation was considered in connection with Art. 8306, sec. 12c. In Texas Employers' Insurance Association v. Upshaw, 329 S.W.2d 144 (Tex. Civ.App.—Eastland 1959, writ ref'd n. r. e.), it was said that a prior injury which resulted in partial incapacity for sixteen weeks was not a compensable injury where there was no loss of earning capacity during such period. The jury had found that such prior injury contributed 20% to the employee's present incapacity. However, since the appellee-employee did not complain of this deduction by the trial court, the appellate court's finding that such prior injury was not a compensable injury was probably dictum. In Texas Employers' Insurance Association v. Clark, 23 S. W.2d 405 (Tex.Civ.App.—Eastland 1929, writ dism'd), the Court held that Art. 8306, sec. 12c, was inapplicable to an injury which was not compensative. There the employee had sustained a lick on the neck and head which did not disable him until he suffered a subsequent lick. These cases, although not squarely in point, are persuasive in that both were cited with approval by the Supreme Court in support of the above quoted rule in St. Paul Fire & Marine Ins. Co. v. Murphree, supra, that the prior general injury must be one for which compensation is provided under the terms of the statute if the carrier's liability is to be reduced by reason thereof.

■ Here there was no proof that Farah Manufacturing Company was a subscriber to the Act in June, 1957, when appellant sustained his fall. Furthermore, under the uncontradicted record, he did not sustain any incapacity as a result of such general injury. Therefore, such injury was not a compensable injury within the contemplation of Art. 8306, sec. 12c. The trial court erred in not sustaining appellant's motion to disregard the jury finding to the effect that such noncompensable injury contributed 50% to his present partial incapacity.

The judgment of the trial court is reformed to provide that appellant recover in a lump sum compensation at the rate of $26.84 per week for a total of 300 weeks for his partial disability, plus two weeks at $35.00 per week for total disability, plus medical expenses in the amount of $264.25. In all other respects the judgment is affirmed.