**CHARTER OAK FIRE INSURANCE COMPANY, Appellant,**

v.

**F. T. DEWETT, Appellee.**

No. 397.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 18, 1970.

Rehearing Denied Dec. 9, 1970.

Ronald L. Palmer, Houston, for appellant.

James B. Davis and Jerry D. Patchen, Davis & Patchen, Houston, for appellee.

SAM D. JOHNSON, Justice.

Workmen's compensation case brought by the appellee, F. T. Dewett, to set aside the decision of the Texas Industrial Accident Board. The appellee was injured while working as a welder at Reed Roller Bit Corporation on August 16, 1966. Appellee's claim for compensation was not filed with the Industrial Accident Board until June 21, 1967. The jury found that "good cause" existed which would excuse the appellee's delay in filing his claim within six months as required by Texas statute. Judgment was rendered in favor of appellee for $9,539.45, representing 300 weeks of permanent partial disability and 20 weeks of total temporary disability. The judgment reflects a 35% reduction based upon a jury finding that a prior injury contributed to the present disability. The insurance company's contentions in this appeal are limited to the question of the existence of "good cause" for late filing of appellee's claim and the manner in which the question "good cause" was submitted to the jury. Dewett as cross-appellant appeals the 35% reduction of the recovery.

The record indicates that the appellee had been an employee of Reed Roller Bit for an extended number of years. While in such employ he had sustained a back injury some years before, in 1957. This prior injury was not the subject of a workmen's compensation claim, however. The instant suit is predicated on a back injury suffered by the appellee on August 16, 1966 while lifting a heavy tool hoist. Appellee was still an employee of Reed Roller Bit Corporation when he sustained these injuries in the course and scope of his employment.

The appellee was hospitalized for back surgery as a result of his second injury and a lumbar laminectomy and fusion was performed on him on September 6, 1966. While appellee was still in the hospital recovering from this operation, Newt Williams, the safety director for Reed Roller Bit Corporation visited the appellee. It was during this visit, according to Dewett's testimony, that he and Williams discussed his financial circumstances occasioned by his injury and hospitalization. The matter discussed included the possibility of finding employment for Dewett's wife, the company's group health and accident insurance policy and the workmen's compensation claim. Williams advised the appellee, "not to worry, that everything is going to be taken care of." Dewett testified that he knew Reed Roller Bit had workmen's compensation insurance and that Williams told him that the claim was filed. On cross-examination Dewett was asked "He (Williams) told you it was filed with the Industrial Accident Board?" and he responded, "That's right. He had filed it. He would take care of it." Dewett stated that he relied upon Williams' representations that the claim was filed. Williams testified that although he could not remember what representations he had made to Dewett, he did not at any time tell Dewett

that he would file Dewett's claim with the Industrial Accident Board.

Dewett further testified that after he returned to work on limited duty in January of 1967, he started receiving bills from the hospital. He turned these bills over to Williams and Williams told him that he would take care of them. It later became apparent that the hospital bills were not being paid. Dewett discussed the situation with another employee and learned that two fellow employees had been laid off following operations and that their claims had not been reported. On May 11, 1967, Dewett wrote the following letter to the Industrial Accident Board:

"I am writing this letter in regard to the accident I had at work. I haven't received any papers to that effect. I was told the accident was not reported, so I'm writing this letter to check out that report.

"I received the back trouble in 1957–58 and I had my opra. in Sept. of 1965. I'm working for Reed Roller Bit Co. It might be the wrong thing to do by writing this letter, but I heard that two men have been laid off because their opra. was not reported."

The Board sent official claim forms to Dewett on May 26, 1967 and Dewett's attorney filed his claim with the Industrial Accident Board on June 21, 1967.

The appellant insurance company contends that there is no evidence or insufficient evidence to support the jury's finding that good cause existed which would excuse Dewett's delay in filing his claim within six months after the date of the injury. In the alternative the appellant asserts that such finding is contrary to the overwhelming weight and preponderance of the evidence.

Article 8307, Sec. 4a, p. 29, Vernon's Ann.Civ.St., provides that a claim for compensation shall be filed within six months after the occurrence of the injury, except: "For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board." The burden of proof is on the claimant to establish good cause and that it continued to the date it was actually filed. Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966).

The standard for determining good cause was announced by the Supreme Court in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, at p. 372, 1948:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion."

Evidence of a claimant's reliance upon representations that his claim for compensation would be filed by another has been held to raise a fact question concerning the existence of good cause for failure to file a claim within the statutory period. In Consolidated Mutual Insurance Company v. Moronko, 425 S.W.2d 838 (Tex.Civ.App.), rev'd on other grounds, 435 S.W.2d 846 (Tex.Sup.1968), the Court held that claimant's reliance upon the insurer's agent's statement that she " '* * * [shouldn't] worry, everything is taken care of' " constituted good cause when found by the jury to amount to such. In Allstate Insurance Company v. Godwin, 426 S.W.2d 652 (Tex.Civ.App.), no writ hist., 1968, evidence that an employee in employer's per-

sonnel office told claimant, " * * * Everything has been filled out and taken care of sufficiently, and you don't have to worry" was held sufficient to raise a fact issue as to good cause. The Court in Travelers Insurance Company v. Strech, 416 S.W.2d 591 (Tex.Civ.App.1967), writ ref., n. r. e., held that evidence to the effect that the insurance company's claims adjustor told claimant that the filing of his claim would be taken care of, "That he would take care of everything" was sufficient to raise a fact question concerning the existence of good cause.

■ We have recited the evidence concerning Dewett's reliance upon the representations of Williams that everything was being taken care of and the claim was filed. We are of the opinion that this evidence is sufficient to sustain the jury's finding that good cause existed for not filing the claim for compensation within the six months required by law.

Appellant further contends that even if the representations of Williams do establish good cause for a period of time that good cause did not continue up until the time of the actual filing. The Supreme Court has held delays in filing are " * * * ordinarily elements of prudence to be considered by the jury or the trier of facts in finally determining the question of good cause. Like all other issues they become conclusive against the claimant only when reasonable minds could reach no other conclusion." Hawkins v. Safety Casualty Co., supra, 207 S.W.2d at p. 373.

In our opinion there was evidence supporting the finding that good cause continued to exist up until the time of actual filing of the claim. The evidence is sufficient to support such finding and the finding is not against the great weight and preponderance of the evidence.

■ Appellant's final point of error is directed to Special Issue No. 10 which inquired:

"Do you find from a preponderance of the evidence that Mr. Newton Williams made representations to the plaintiff which might lead the plaintiff to believe that his employer would take care of the handling of his claim for compensation?"

Appellant contends the issue is not supported by plaintiff's pleadings. More specifically, appellant contends that the issue inquires whether representations were made which "might lead" the plaintiff to believe his employer would take care of the handling of his claim when it should have inquired whether representations were made which actually led the plaintiff to so believe. Appellant contends that the issue as framed allows the jury to speculate on what might have happened and does not inquire on what in fact occurred. Though it is disputed, we believe that timely objection was made to the issue prior to its submission.

The quoted special issue is the first of a series of five special issues, each of which was conditionally submitted based on an affirmative finding to its predecessor. Issue No. 11 inquired whether the plaintiff "relied on such representations, if any, by Mr. Williams." Issue No. 12 inquired if "such reliance, if any, on plaintiff's part prevented the plaintiff from filing his claim up until the time it was actually filed." Issue No. 13 inquired whether "for such reason, if any, a reasonably prudent person would have delayed the filing of his claim for such length of time." Special issue No. 14 asked whether such reliance constituted good cause "for not filing his claim until June 21, 1967." It was necessary that all of these issues be answered, as they were, in the affirmative, to support a finding that "good cause" existed. Special issue No. 10 then does not, standing alone, support the trial court's judgment. An affirmative response to it, no matter how the inquiry be made, would be meaningless without an affirmative response to each of the specific issues which followed. We must therefore look to the import of

the series of issues and in so doing will overrule the appellant's point of error.

Special issue No. 10 is supported by plaintiff's supplemental petition which alleges that " * * * he has just, reasonable and good cause why he has not complied with all the jurisdictional requisites * * *." Next, we consider special issue No. 10 not in isolation, but in connection with the series of issues as a whole. "It is a familiar rule that a charge * * * will be considered as a whole in determining such questions as whether * * * it is misleading, upon the weight of the evidence or otherwise erroneous. * * * The language will be given the plain, common-sense meaning it was evidently intended to convey when considered in the light of the charge as a whole, and one part of the charge may be looked to for the purpose of qualifying another." West v. Cashin, 83 S.W.2d 1001 (Tex.Civ.App.), writ dismd.; Houston Transit Co. v. Felder, 146 Tex. 428, 208 S.W.2d 880 (1948). While this refers to an entire charge we are of the opinion that it would be equally applicable to a series of issues inquiring about one particular facet of a case.

While the initial inquiry is whether the representations might have misled, it is made specific by the issue following which inquires if there was actual reliance on such representations. We are of the opinion that the series of issues, taken as a whole, requires an unequivocal and positive determination by the jury on the controlling elements of good cause in this particular instance. Where the trial court has fairly presented the controlling issues without material error it will not be reversed because the appellate court thinks it might have worded the issues more artistically. McDonald, Texas Civil Practice, Vol. 3, p. 361. We find no error in the trial court's submission which carried any reasonable likelihood of the injury to the defendant therein. Rule 434, Texas Rules of Civil Procedure.

By cross-point of error Dewett (plaintiff at trial) contends that the trial court erred in not disregarding the jury's answers to two special issues. In these issues the jury found that the plaintiff had previously suffered a prior injury in 1957 while in the employ of Reed Roller Bit and that it contributed 35% to his present incapacity.

Based on the jury's response the recovery in the trial court was reduced by the mathematical formula used when a plaintiff has suffered a prior compensable injury which contributes to his present disability. Art. 8306, V.A.T.S., Sec. 12c, p. 295, provides:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries."

The word "injury" as used in this section " * * * as related to a general injury, means compensative injury. Unless the prior injury is one for which compensation is provided under the terms of the statute, the insurer's or carrier's liability cannot be reduced by reason thereof." St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744, 749 (1962). The Texas Workmen's Compensation Act provides that an employee of a subscriber is entitled to compensation when he sustains an injury in the scope of his employment provided, however, that no compensation shall be paid for a general injury which does not incapacitate the employee for a period of at least one week. Art. 8306, Secs. 3a, 3b and 6, V.A.C.S. While the appellant (defendant in the trial court) has made no response to the cross-point of

error here under discussion, we think it might be urged that since plaintiff's prior back injury was sustained in the scope of employment it was a compensable injury.

Here there was no showing, and no inference is obtainable from the record, that the plaintiff was incapacitated for "at least one week" from the prior injury. The only testimony is to the effect that after the first injury the plaintiff reported to the first aid facility at the plant and was put under a "ray lamp" for a period of about 45 minutes. The plaintiff testified that he did not remember whether or not he missed any work after this injury. He was not sent to a doctor, however, and did not see a doctor for such injury. Subsequently his back would hurt every so often and would give trouble every six or seven months. He stayed on the same job and reported to first aid from time to time when he had such recurrent trouble. His wife testified that " * * * whenever he would get down in his back, well he would stay home for a few days and then he would go back to work." The plaintiff testified, without contradiction, that he filed no claim of any nature at the time of the prior injury. There is nothing in the record to indicate that Reed Roller Bit was even a subscriber to the act at the time of the prior injury in 1957.

We are of the opinion that such injury was not a compensable injury within the contemplation of Art. 8306, Sec. 12c and that the trial court erred in not disregarding the two jury findings which relate to the prior injury. For a strikingly similar case on this precise point see Alvarez v. Texas Employers' Insurance Association, 450 S.W.2d 114 (Tex.Civ.App.), err. ref., n. r. e., and the authorities cited therein.

The judgment of the trial court is reformed to provide that appellee recover in a lump sum compensation at the rate of $35.00 per week for a total of 300 weeks for his partial disability, plus 20 weeks at $35.00 per week for total disability. In all other respects the judgment is affirmed.