**Paul W. MABRA, Appellant,**

v.

**TRANSPORT INSURANCE COMPANY,**
**Appellee.**

**No. 17738.**

Court of Civil Appeals of Texas,
Dallas.

Dec. 3, 1971.

Rehearing Denied Dec. 30, 1971.

**628**

John E. Collins, Mullinax, Wells, Mauzy & Collins, Dallas, for appellant.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

BATEMAN, Justice.

The only question before us in this workmen's compensation case is whether the trial court properly diminished the claimants recovery of benefits by 50 per cent on jury findings that a prior injury had contributed 50 per cent to the incapacity. We hold that it was not proper and reform the judgment accordingly.

The appellant Paul W. Mabra was injured on May 20, 1969 in the course and scope of his employment by Red Ball Motor Freight, Inc. as a long-haul truck driver. The injury was a ruptured disc in his lower back on the right side. After surgical removal of the disc he returned to work. He was paid several weeks of compensation benefits for total incapacity, and the jury found that he sustained permanent partial incapacity. It is undisputed that the lump sum amount he would be entitled to for this partial incapacity, except for consideration of the prior injury, would be $5,454.74.

The insurer was the appellee Transport Insurance Company, herein called Transport. It alleged that Mabra's incapacity was caused solely or contributed to by a previous back injury sustained by him in 1958 while working as a truck driver for Red Ball Motor Freight, Inc. The jury found, in answer to Special Issues Nos. 9 and 10, that the injury of 1958 had contributed 50 per cent to his incapacity. Mabra filed a motion to disregard those findings on the grounds that they had no support in the evidence and that the undisputed evidence showed that after the 1958 injury he returned to work for his employer and had no incapacity as a result thereof. The trial court overruled the motion to

disregard and, giving effect to the said findings, rendered judgment for Mabra for $2,727.37, with interest at 4 per cent per annum from February 27, 1971, the date of judgment, allowing Mabra's attorneys 25 per cent of the award as their fee.

█ In his first point of error Mabra complains of the overruling of his motion to disregard Special Issues 9 and 10, and the reducing of his recovery on account of such findings, because there was no evidence of probative force that he had sustained a prior compensable injury in the course and scope of his employment for an employer subject to the Texas Workmen's Compensation Act. We sustain this point.

Vernon's Ann.Civ.St., Art. 8306, Section 12c, in effect at the time of the injury, provided that if an employee who has suffered "a previous injury" shall suffer a subsequent injury resulting in incapacity to which both injuries or their effects have contributed, the insurer shall be liable because of such injury "only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury." [1] Our Supreme Court has held that the word "injury" as used in this section, and as related to a general injury, means compensable injury, and that unless the prior general injury is one for which compensation is provided under the terms of the statute the insurer's liability cannot be reduced by reason thereof. St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744, 749 (1962).

While it was shown that Mabra was employed by Red Ball Motor Freight, Inc. at the time of his 1958 injury, we find no evidence that such injury was suffered while Mabra was working in the course and scope of that employment, and no evidence that he ever made claim for or received any workmen's compensation benefits for that injury. It was not even shown that the employer was a subscriber under the Workmen's Compensation Act at that time. It is true that Mabra testified that he was

---

I. Sec. 12c, of Art. 8306 was amended in Laws of 1971, Ch. 316, p. 1257.

working for Red Ball at the time and that, although he made no claim for workmen's compensation benefits, he was paid "weekly compensation" while he was "off work," and thereafter was paid some amount of compensation, and that he was paid a lump sum in compensation, and that after his operation it was approximately two months before he returned to work. But there is no evidence as to who made these payments to him—whether it was a workmen's compensation carrier, his employer, or some insurance company under an accident and health policy, or possibly some fund maintained by his union, church or fraternal order.

■ We are not unmindful of the rule that in passing on a "no evidence point," we must construe the evidence in the light most favorable to the verdict and judgment and consider only the evidence and reasonable inferences therefrom which support the findings, rejecting the evidence and inferences which are contrary to the findings. Butler v. Hanson, 455 S.W.2d 942, 944 (Tex.Sup.1970); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 193 (Tex.Sup.1966). However, this well known rule does not authorize us to read into the statement of facts evidence that is simply not there.

Special Issue No. 9 was as follows:

"Do you find from a preponderance of the evidence that Paul W. Mabra's injury of 1958 when working for Red Ball Motor Freight, Inc. has not contributed to the incapacity found by you?"

Thus, the trial court assumed that the 1958 injury was a compensable one. However, Mabra seasonably objected to the issue on the ground that there was no evidence in the record that he had "sustained a prior compensable injury while in the course and scope of his employment of some employer who was subject to the provisions of the Texas Workmen's Compensation or who was a subscriber to that act."

Thus, at a time when Transport might still have moved to reopen and endeavor to prove these essential facts, Mabra put Transport and the trial court on notice of the very contention he later made in his motion to disregard and in his motion for new trial and continues to urge on this appeal. Transport made no effort to reopen the evidence, made no objection to the charge, and did not request submission of any additional issues.

■ This being an affirmative defense, it was Transport's duty to obtain submission of a proper issue or issues thereon, even though such issues are required to be so constructed as to place the burden of proof on Mabra.[2] Federal Underwriters Exchange v. Price, 145 S.W.2d 951, 957 (Tex.Civ.App., Eastland 1940, writ dism'd jdgmt. cor.); Texas Employers' Ins. Ass'n v. Tanner, 218 S.W.2d 277, 279 (Tex.Civ.App., Amarillo 1949, writ ref'd n. r. e.). When the inadequacy of Special Issue No. 9 to establish the defense was pointed out by Mabra's objection, it became Transport's duty to obtain findings, not only that the 1958 injury contributed to the incapacity, but that it was a compensable injury. By failing to request issues thereon it waived the defense. Rule 279, Vernon's Texas Rules of Civil Procedure.

The facts and posture of this case are strikingly similar to those in Alvarez v. Texas Employers' Insurance Ass'n, 450 S.W.2d 114 (Tex.Civ.App., San Antonio 1970, writ ref'd n. r. e.), in which a like result was reached. See also Charter Oak Fire Ins. Co. v. Dewett, 460 S.W.2d 468, 472–473 (Tex.Civ.App., Houston 14th Dist. 1970, writ ref'd n. r. e.).

In his second and third points of error Mabra contends that there was no evidence that the prior injury actually contributed to his incapacity. Our sustaining of the first point of error renders these points immaterial.

2. See Vernon's Ann.Civ.St., Art. 8307, § 5.

The judgment appealed from is reformed to increase Mabra's lump sum recovery to $5,454.74, with interest thereon from February 27, 1971, the date of judgment, at the rate of 4 per cent per annum, of which total award a reasonable fee of 25 per cent is awarded to Mabra's attorneys. In all other respects the judgment is affirmed.

Reformed and affirmed.