**SECURITY INSURANCE COMPANY,**
**Appellant,**

v.

**Auda V. HARRIS, Appellee.**

**No. 4501.**

Court of Civil Appeals of Texas,
Eastland.

Feb. 28, 1972.

Rehearing Denied March 24, 1972.

Pope, Dickenson, Batjer & Glandon, Bob Batjer, Abilene, for appellant.

Robinson, Wilson & Holloway, James E. Robinson, Abilene, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. Auda V. Harris brought suit against Security Insurance Company to recover for alleged injury sustained to his back on December 10, 1966, while he was in the course of his employment with T. & W. Transport, Inc. in Tom Green County. The case was tried before a jury which found that plaintiff was totally and permanently incapacitated as a result of the alleged injury; that within six months of the date of such injury plaintiff believed that his claim for compensation had been filed with the Industrial Accident Board; that such belief caused plaintiff to delay in filing his claim until his claim was filed on December 9, 1969; and that such belief constituted good cause for appellee's delay in filing his claim. Judgment was rendered on the verdict granting plaintiff re-

lief against the defendant in the amount of $15,528.08. Security Insurance Company has appealed.

Appellant urges four points on this appeal contending that there was no evidence and insufficient evidence to support the findings of the jury that appellee's belief that his claim for compensation had been filed with the Industrial Accident Board caused appellee to delay filing the claim until the claim was actually filed, and that there was no evidence and insufficient evidence to support the finding of the jury that appellee's belief that his claim for compensation had been filed with the Industrial Accident Board was good cause for his delay in filing the claim until it was actually filed.

The record shows that appellee was injured on December 10, 1966, and that he was hospitalized on December 13, and remained there for about nine days; that he returned to work some thirteen weeks later and received weekly benefits for the thirteen weeks, and that all medical expenses were paid by the insurance company for that period. Appellee testified that he was assisted in filling out his claim to be filed before the Industrial Accident Board by his employer's bookkeeper who told him that he would mail the claim for appellee. Appellee stated that his education was limited and that he felt he couldn't fill out the forms himself, and therefore put his trust and confidence in a man who was capable and who appellee believed would have the ability to do the job.

The evidence further shows that appellee after beginning work did so under increasing difficulty until in May of 1969, when he was hospitalized and underwent back surgery; that he waited some seven additional months after such surgery before contacting an attorney, who immediately thereafter filed appellee's claim. Appellee testified that after his operation in May, he first started calling a Mr. McDonald from Batjer Claim Service in June of 1969, about the additional medical expenses and that McDonald told him he would check

into it and let him know; that he talked to McDonald on three occasions. McDonald testified that he had talked to appellee numerous times on the telephone and that he continued to check upon the matter. He further testified that he never told appellee that the claim would be paid or that it would not be paid; that he kept telling appellee he would check into the matter and see. Appellee testified that thereafter he started talking with Mr. Batjer from Batjer Claim Service and that Mr. Batjer told him he would check and let him know. In the last conversation that appellee had with Mr. Batjer, in November of 1969, Mr. Batjer told him not to call him any more and that he would look into the matter and let him know. Appellee testified that on about November 19, 1969, he received a letter from Jackson Pharmacy containing a copy of a letter sent to Jackson Pharmacy by Batjer Claim Service, stating that they would not pay appellee's bills. Appellee testified that after that he talked to his employer, the bookkeeper, and the insurance agent about the matter and then contacted his lawyer on December 8th, and a claim was immediately filed thereafter, which was about nineteen days after he received positive information that Batjer would not pay the bills.

Our Supreme Court has held delays in filing are:

"* * * ordinarily elements of prudence to be considered by the jury or the trier of facts in finally determining the question of good cause. Like all other issues they become conclusive against the claimant only when reasonable minds could reach no other conclusion." Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

Appellant contends that even if the record does establish good cause for not filing a claim for a period of time that it does not establish that good cause continued up until the time of the actual filing of the claim. We cannot agree with this contention. In our opinion there was ample evidence supporting the finding that good cause continued to exist until the time of actual filing of appellee's claim. The facts in Charter Oak Fire Insurance Company v. Dewett, 460 S.W.2d 468 (Tex. Civ.App.1970, writ ref. N.R.E.) are very similar to the facts in the instant case. The record in the Dewett case shows that the claimant was injured on August 16, 1966, and did not file a claim with the Industrial Accident Board until June 21, 1967. The claimant there testified that he was told by one Williams, who was safety director for his employer, that he had filed the claim. Dewett returned to work on limited duty in January of 1967. In May of 1967, he became concerned about his claim and wrote a letter to the Industrial Accident Board. The Board sent him official claim forms on May 26, 1967, and Dewett's attorney filed the claim with the Board on June 21, 1967, which was almost one month later. The court held that there was evidence supporting the finding that good cause continued to exist up until the time of actual filing of the claim. The court further found that the evidence was sufficient to support such finding and that the finding was not against the great weight and preponderance of the evidence.

It thus appears that when Dewett on May 26, 1967, received a reply from the Industrial Accident Board including claim forms that he at that point knew, or should have known, that his claim had not been filed. He delayed in filing his claim until almost one month later on June 21, 1967. The court held in that case that the evidence supported the finding that good cause continued to exist up until the time of the actual filing of his claim. In the instant case appellee continued from the first part of June, 1969, to get information from representatives of the Batjer Claim Service concerning why his bills for the May operation were not being paid, but received no definite answer to the question. Appellee then received a copy of a letter dated November 19, 1969, showing that appellant definitely was not going to pay the bills. Appellee thereafter filed his claim

on December 9, 1969, which was approximately twenty days later. The evidence, as in the Dewett case, in our opinion supports the finding of the jury and the judgment based thereon.

The judgment is affirmed.