**BITUMINOUS CASUALTY CORPORATION, Appellant,**

**v.**

**Dale MARTIN, Appellee.**

**No. 6200.**

Court of Civil Appeals of Texas, El Paso.

March 1, 1972.

Rehearing Denied March 29, 1972.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for appellant.

George Busch, Inc., George Busch, Charles S. Leeper, Fort Worth, for appellee.

OPINION

WARD, Justice.

Appellant, Bituminous Casualty Corporation, brought this suit as compensation insurance carrier for Andy Carlegis, Inc. to set aside and hold for naught a total and permanent lump sum award in favor of appellee, Dale Martin, by the Industrial Accident Board. The insurance carrier had refused to furnish the appellee with a surgical operation ordered by the Board for a hernia he allegedly sustained in his employment as a truck driver on July 19, 1969. Judgment was based on a jury verdict which awarded total and permanent disability. We affirm the trial Court.

■ The facts present a situation where Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 12b has no application and the claimant, if compensated at all, must be compensated as for a general injury. Though the Board ordered a surgical operation for the hernia, the insurer did not tender an operation, denied all liability, and ran the risk of being held liable for general injuries. The cases on the subject are outlined in Great American Indemnity Company v. Gravell, 297 S.W.2d 371 (Tex.Civ.App.— San Antonio 1956, no writ). Having taken this course, the insurer in its pleadings alleged that the workman sustained no incapacity from the hernia or that any incapacity from which he suffered was due solely to one or more pre-existing conditions or prior injuries or in the alternative that they contributed to the present incapacity. In this connection, the insurer pled eight previous hospitalizations: October 18, 1948, for dislocation and fracture of vertebra in the neck; September 5, 1951, for alcoholism; October 5, 1952, for injuries received in automobile-motorcycle accident; July 22, 1956, for severe injuries to right knee in automobile accident; July 28, 1957, for psychopathic personality; August 3, 1960, for alcoholic gastritis; May 22, 1963, for a broken ankle resulting from automobile accident; and finally, on September 22, 1964, for shotgun wound in the left leg.

Upon being confronted with this, the workman, before examination of the jury, presented to the trial Court a motion in limine which was granted to the extent of requiring counsel for the insurer to approach the bench and advise the Court out of the hearing of the jury before referring to or offering any evidence of these prior occurrences.

■ The principal points on the appeal made by the insurer concern the granting of the motion in limine and the later exclusion by the trial Court of the offer into evidence of the hospital records regarding each of the incidents. The point that the trial Court erred in granting the motion in limine is without merit as the order in no way prevented the insurer from introducing or offering any evidence. The only purpose of the motion and order was to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury. Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331 (Tex.1963). As it developed the granting of the order was most salutary as this evidence which was later tendered was immaterial and would have been most prejudicial. The filing of this motion in limine correctly prevented the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which had no proper bearing on the issues in the case or on the rights of parties to the suit. Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366 (1962). It is the appellee's position that none of the evidence of the previous conditions and injuries could ever be admissible; that where a cause of action is based upon the wrongful refusal of the insurance carrier to furnish a hernia operation, that the carrier has been deprived of the complete defense of the prior disease or bodily infirmity being the sole cause of the disability or incapacity at time of trial; and further that the carrier has been deprived of either the complete or partial defense of the prior injury being either the sole producing

cause or contributing cause to the incapacity at the time of trial. The appellee argues that the question of prior bodily infirmity or injuries, which could cause the claimant's incapacity is bound up in the Board's decision as to whether or not the surgery should be performed and this consideration is within the sole discretion of the Industrial Accident Board. The cases relied on by the appellee correctly exclude medical testimony in the trial Court as to the beneficial effects of surgery where the insurer did not admit liability and where no operation was tendered either in the general injury or hernia cases. Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 (1960); Texas Employers' Ins. Ass'n v. Tally et al., 132 Tex. 547, 125 S.W.2d 544. We do not agree with this argument. Though the case is a hernia case all that has been provided is a different method of awarding compensation benefits than the usual hernia case and the benefits accrue under Tex.Rev. Civ.Stat.Ann. art. 8306, secs. 10, 11. However, we do agree with the appellee that the records in this case are inadmissible.

■ The parties stipulated that the records met all requirements of Tex.Rev. Civ.Stat.Ann. art. 3737e and did not need to be otherwise proved. This is not the problem. The objectionable feature of the offer is that naked tenders of the hospital records of previous conditions, infirmities or of previous injuries prove nothing. As far as we can determine in each incident Dale Martin may have been discharged as cured or recovered. Further, the undisputed testimony is that Dale Martin at the time of trial was suffering from a hernia, and this was the only physical problem that he had. The pre-existing condition or bodily infirmity must be the sole cause of the present disability or incapacity or it is no defense. Texas Employers' Insurance Association v. Beard, 390 S.W.2d 59 (Tex. Civ.App.—Ft. Worth 1965, writ ref'd n. r. e.). There is no proof in this record that any of the pre-existing conditions or bodily

infirmities had anything to do with the present disability or incapacity.

■ As to the previous injuries the situation is similar. For Tex.Rev.Civ.Stat. Ann. art. 8306, sec. 12c (1967) to be applicable, there must be a causal connection between the claimant's prior injury and his present incapacity to the extent of some contribution. Sowell v. The Travelers Insurance Co., 374 S.W.2d 412, 416 (Tex. 1963); Jones v. Pacific Employers Insurance Company, 416 S.W.2d 580 (Tex.Civ. App.—Eastland 1967, writ ref'd n. r. e.). Employers Reinsurance Corporation v. Vann, 402 S.W.2d 247 (Tex.Civ.App.—El Paso 1966, no writ). Further, there is no showing that any of the prior general injuries were compensative. St. Paul Fire & Marine Insurance Company v. Murphree, 163 Tex. 534, 357 S.W.2d 744, 749 (1962); Charter Oak Fire Insurance Company v. Dewett, 460 S.W.2d 468 (Tex.Civ.App.— Houston 1970, writ ref'd n. r. e.); Mabra v. Transport Insurance Company, 474 S. W.2d 627 (Tex.Civ.App.—Dallas 1971, no writ). The same has been indicated as to a prior specific injury in a general injury case. See 11 So.Tex.L.J. 191, at 202.

■ Appellant urges that the hospital records were admissible for the limited purpose of impeachment of the appellee's testimony as to the hernia being the cause of the incapacity. We are at a loss to understand any inconsistency between the position now taken by the workman and records relating to old injuries and conditions in the past for which he was apparently discharged as cured.

Appellant called Andy Carlegis, the employer, to the stand, and inquired of him as to why the employment of the appellee had been terminated. Carlegis then testified that it could have been for one of two reasons: "One, he didn't show up when the truck needed to go or could be for some of the bad habits that he had, kept him from going—" The trial Court thereupon sustained the following objection by the employee: "Your Honor, just a second, I object to any habits of the Plaintiff. That's not an issue here at all."

By bill of exception, the testimony of Andy Carlegis was tendered to the effect that by bad habits he was referring to the appellee's drinking problem.

■ We hold that this testimony of "habits" is not admissible on this direct testimony. While a witness may be impeached by showing that he was drunk at the time of the event about which he testifies, the usual rule is that evidence of a general habit of intoxication may not be received. Texas Law of Evidence, McCormick and Ray, Sec. 664, p. 510. We fail to see where it in any way caused or affected his injuries or disability. Indemnity Insurance Company of North America v. Marshall, 308 S.W.2d 174 (Tex.Civ.App. —Beaumont 1957, writ ref'd n. r. e.).

■ By its last two points, the appellant asserts "no evidence" and "insufficient evidence" as to the jury finding as to total disability because after the hernia of July 19, 1969, Martin continued to work for several months for his same employer and drove his usual route between Fort Worth and Los Angeles, often driving eight hours or 400 miles a day. During this time he worked temporarily for a produce company and was able to unload 50 to 75 pound cartons and sacks of produce. That during 1970 he kept a job for about 10 weeks as a bartender, quitting only because his right side would hurt when he stooped over to pick up beer cases and when he stood on his feet for long periods of time. First, in considering the no evidence point, we consider only the evidence and the inference therefrom tending to support the finding under attack and in this regard we find that the testimony of Martin is to the effect that though he did suffer the hernia on July 19, 1969, it did not really bother him until about October 20, 1969, and that thereafter he had not been able to work except for the job of bartender which because of necessity he had been forced to

take. He had to quit that job because of the hernia. The hernia started out as a small knot, and it had continued to grow right up until the day of trial when it was bigger than his fist. Doctors testified that they would not pass a person in Martin's condition as qualified to do any manual labor at all and that the condition of the hernia could lead to death; that a hernia such as was present was a standard disqualification on an I.C.C. physical examination which the appellee as a long-haul truck driver was required to pass. We overrule the no evidence point. In passing upon the point as to the factual insufficiency of the evidence, we have considered all the evidence and the reasonable inferences arising therefrom, and that point is likewise overruled. The cases are numerous each year upholding total and permanent disability in the face of continued employment. As an example, see 22 Sw.L.J. 23.

Having considered the appellant's points, they are all overruled.

■ After this case was presented to us on appeal, the Supreme Court in The Home Indemnity Company v. Mosqueda, 473 S.W.2d 456 (1971) held that interest on judgments in workmen's compensation cases should bear interest from their date until paid at the rate of six percent per annum. The judgment in this case provided for interest at the rate of four percent per annum, and by motion we have been requested to correct the judgment. Even if we treat this matter as a cross-point, the complaint has been waived as appellee filed no motion for new trial and the error was never called to the attention of the trial Court. It is not fundamental error. Rule 324, Texas Rules of Civil Procedure; C. H. Harrison Company v. H. R. M., Inc., et al., 412 S.W.2d 912 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.); Loumparoff v. Housing Authority of City of Dallas, 261 S.W.2d 224 (Tex.Civ.App.—Dallas 1953,

no writ); Edgar v. Schmidt, 243 S.W.2d 414 (Tex.Civ.App.—Austin 1951, no writ).

The judgment of the trial Court is affirmed.